740 A.2d 1122 (1999)
326 N.J. Super. 203
Helen JOHNSTON, Administrator Ad Prosequendum of the Estate of Diane Marie Johnston and Helen Johnston, Individually, Plaintiff-Appellant,
v.
MUHLENBERG REGIONAL MEDICAL CENTER, Robert Fishberg, Patricia Weigel, and J. Feldman, Defendants,
and
Chandralekha Guha, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1999.
Decided November 29, 1999.
Harold A. Sherman, of counsel, Edison, for plaintiff-appellant (Clifford N. Kuhn, Jr., attorney).
Gary L. Riveles, for defendant-respondent (Dughi and Hewit, attorneys; Mr. Riveles, on the brief).
Before Judges STERN, KESTIN and STEINBERG.
The opinion of the court was delivered by KESTIN, J.A.D.
Plaintiff in this medical malpractice case appeals from the trial court's order granting the only remaining defendant's motion for dismissal of the claim against her on statute of limitation grounds, and from the *1123 trial court's order denying reconsideration. We affirm.
The complaint, stating claims arising from the death of Diane Marie Johnston (decedent) on December 7, 1993, was filed on August 16, 1995. A number of defendants were identified in the complaint; others were sued in fictitious names as authorized by R. 4:26-4. It later developed that Dr. Chandralekha Guha, the movant, was alleged to be one of the defendants previously designated fictitiously.
Documents in hospital records available to plaintiff at the time the complaint was filed, including the consent form which plaintiff had signed, contained Dr. Guha's name as the physician who performed a lumbar puncture procedure upon which plaintiff's claim of negligence was, in part, based. The name, as it appeared in those documents was illegible, however. Although plaintiff had met and briefly consulted with Dr. Guha immediately preceding the lumbar puncture procedure on her daughter, plaintiff could not remember the physician's name, and could only recall her physical features. Based on these factors, plaintiff elected to proceed initially on a fictitious defendant basis as to that physician. The sixth count of the complaint as initially filed alleged generally only that fictional defendants, "unidentified medical personnel ... of the defendant Muhlenberg Regional Medical Center, failed to properly perform the work necessary for the care, diagnosis and treatment of the [decedent]," along with the necessary allegation of causal connection. No other "description sufficient for identification," R. 4:26-4, either categorical or specific was included in this complaint.
Discovery proceeded. None of the named defendants, including the hospital and a physician associated with Dr. Guha in a medical practice, in their answers to interrogatories, identified Dr. Guha by name as one who had participated in treating the decedent, until defendant Fishberg's answers to interrogatories were provided on April 24, 1996. On the basis of the information provided by Dr. Fishberg, plaintiff, on August 19, 1996, moved for leave to amend the complaint to name Dr. Guha. The proposed amended complaint was submitted with the motion as required by R. 4:9-1. The motion was granted on September 13, 1996. The amended complaint, was filed on November 25, 1996. The summons to Dr. Guha was issued with a date of March 25, 1997; service was effected some time later. By the time the amended complaint was served on Dr. Guha, plaintiff's claims against all other defendants had been dismissed either by grants of motions for summary judgment or on a voluntary basis. Dr. Guha's answer was filed on August 21, 1997.
On March 5, 1998, Dr. Guha moved for summary judgment returnable April 3, 1998. Judge Edward M. Coleman heard oral argument on the scheduled return date and, on the same day, entered an order granting the motion and dismissing the complaint as to Dr. Guha with prejudice. In granting the motion, Judge Coleman recounted the procedural history of the case, summarized the arguments of the parties, and observed:
[N.J.S.A.] 2A:14-2 provides that every action in law for injury caused by wrongful neglect or default of any person within the State shall be commenced within two years. Standard two year Statute of Limitations, the time within which these medical malpractice claims must be filed. That is when the party discovers by an exercise of reasonable diligence and intelligence or should have discovered the basis for an actionable claim.
There is no question here that was discovered immediately. This is a wrongful death suit. It's not an accrual situation. The standard discovery rules apply. * * *
Court Rule 4:26-4 provides that ... if the defendant's true name is unknown to the plaintiff, the process may be issued against the defendant under fictitious *1124 names, stating it to be fictitious, and adding the appropriate designee description sufficient for identification. Under this Rule, the substitution of an identified defendant for a fictitious defendant after the Statute of Limitations has run may relate back to the original filing of the complaint. * * *
The Rule applies to assure survival of meritorious causes of action when the party knows or has reason to know her injury has been negligently inflicted but cannot at the time of the injury and within a reasonable time ascertain the wrongdoer.
As part of the Rule, however, the plaintiff is required to exercise due diligence to learn the identity of the fictitious person prior to the running of the Statute of Limitations, and lack of due diligence precludes reliance on this fictitious designation. * * *
Along with plaintiff's duty to act with due diligence before the period of limitations expires, they must also act with diligence to determine an unknown defendant's identity after properly using 4:26-4. In this case, due diligence on the part of the plaintiff has not been demonstrated in my mind, though through ordinary routine discovery and its evaluation plaintiff could have reasonably discovered the identity of the physician who conducted the lumbar puncture, which is the heart of this medical malpractice claim.
The hospital chart details defendant's role in Diane Johnston's treatment while at Muhlenberg. The Doctor's hand-scribed name appears on the consent form.
I have to agree with plaintiff's counsel that if you just relied on the notes in the forms with regard to the signature there by Dr. Guha you probably wouldn't be able to decipher it, but there are other factors that one has to take into consideration. You have Dr. Weigel's notes on December 7, the date of the procedure. Obviously, the ones that were consulted by everybody in this case. The physician's notes specifically mention the defendant, and that the defendant is the one to perform the lumbar puncture procedure. It indicates clearly Dr. Guha agrees and will do it today.
There is information in the deposition that the plaintiff clearly knew that it was a woman of Indian descent with dark hair and complexion and accent that was introduced to her as the person who would perform the procedure. Clearly, this was not a description of Dr. Weigel, the other female physician involved in the case, and she was quite aware of the identity at the time.
Accepting plaintiff's comments that under the stress of the moment she just didn't recall the name, accepting that, it can be argued back and forth, but let's accept that. But I find that given the medical release, the notes with regard to Dr. Weigel's comments, and her progress notes on December 7th, that due diligence has not been demonstrated here.
This is a whole case centered around this lumbar puncture procedure, and could have been ascertained, the identity of Dr. Guha.
I'm of the opinion that the Fictitious Defendant Rule was utilized, but the plaintiff has failed to follow that up and shown due diligence in determining the identity of the unknown person. Nowhere to show that the plaintiff could not obtain the identity of the defendant at the time the Complaint was filed or shortly thereafter.
Consequently, in my mind, there are no genuine issues of material fact in this case, giving all inferences to the nonmoving party, but they have not sustained the burden.
With regard to whether or not the defendant was prejudiced by this failure of notification, where the plaintiff has failed to name her before the time period runs out, ... there can be no doubt that a defendant suffered some prejudice *1125 merely by the fact that she is exposed to potential liability for lawsuit after the Statute of Limitations is run (citations omitted).
We are in substantial agreement with Judge Coleman's evaluation of the matter and the reasons he articulated for the result he reached. We add a word merely to emphasize, as well, the significance of plaintiff's delay in perfecting her claim against Dr. Guha after learning her identity. Even if plaintiff could be excused from the obligation to have taken reasonable steps, independent of relying on the discovery of the named defendants, to have learned, earlier than she did, the identity of the physician who performed the procedure upon which the claim of negligence focused, see Mears v. Sandoz Pharmaceuticals, Inc., 300 N.J.Super. 622, 629, 693 A.2d 558 (App.Div.1997); and even if we were to give substantial weight to plaintiff's contention that other defendants, including the hospital and Dr. Guha's associate in practice, were "stonewalling" on the question of her identity, we can discern no excuse for plaintiff's inattention to her suit obligations following her discovery of Dr. Guha's identity. We have been given no explanation for the expiration of almost four months from that date before plaintiff moved for leave to amend the complaint, two-and-a-half more months after the motion was granted until the complaint was filed, four additional months after filing until the issuance of the summons, and some undisclosed further period before service was effected. To the extent Dr. Guha was prejudiced by the passage of time, even if only in the context of her right to repose, see Mears, supra, 300 N.J.Super. at 628, 693 A.2d 558, the hiatus of about a year between discovery of her identity and service of the complaint upon her only magnified the prejudice. See id. at 630, 693 A.2d 558. The twenty-eight months that had transpired between decedent's death and Dr. Fishberg's disclosure expanded to more than thirty-nine months by the time Dr. Guha was served.
In sum, even if plaintiff's neglect in failing to take reasonable steps to identify Dr. Guha before receiving Dr. Fishberg's answers to interrogatories could be classified as excusable, a characterization we are reluctant to accept, her dilatory conduct following the receipt of that information remains unaccounted for. See, e.g., Farrell v. Votator Div. of Chemetron, Corp., 62 N.J. 111, 115, 299 A.2d 394 (1973). Counsel's lack of action in this matter is a far cry from that described in Farrell, id. at 120, 299 A.2d 394, which insulated plaintiffs' claim from dismissal. See also, e.g., Marion v. Borough of Manasquan, 231 N.J.Super. 320, 333-36, 555 A.2d 699 (App. Div.1989); Washington v. Systems Maintenance Corp., 260 N.J.Super. 505, 516, 616 A.2d 1352 (Law Div.1992).
Affirmed.