**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1316-19T4

JEVON A. HODGES,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF
TRANSPORTATION,
PKF MARK III, INC., CONTI
ENTERPRISES, INC. AND
GLASGOW, INC.,[1]

     Defendants-Respondents.

_____

Argued telephonically May 6, 2020 –
Decided May 21, 2020

Before Judges Fisher, Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law
Division, Camden County, Docket No. L-0858-18.

Domenic Bruno Sanginiti, Jr., argued the cause for
appellant (Stark & Stark, attorneys, Domenic Bruno

---

[1] The State of New Jersey, Department of Transportation; Conti Enterprises, Inc.; and Glasgow, Inc. are not parties to this appeal.

Sanginiti, Jr., of counsel and on the briefs; Chinsu Sajan, on the brief).

Suzanne D. Montgomery argued the cause for respondent PKF Mark III, Inc. (Law Offices of James H. Rohlfing, attorneys; Suzanne D. Montgomery on the brief).

PER CURIAM

In this motorcycle accident case, plaintiff Jevon A. Hodges appeals a Law Division order dismissing his amended complaint as to defendant PKF MARK III, Inc. When the action was originally filed, the State of New Jersey, Department of Transportation (DOT) was the only defendant specifically named in the complaint, which also named fictitious defendants. See R. 4:26-4.

Following expiration of the two-year statute of limitations, N.J.S.A. 2A:14-2, plaintiff learned PKF's identity and was granted leave to amend his complaint to add PKF as a named defendant. In the order under appeal, the motion judge granted PKF's summary judgment motion, dismissing the complaint with prejudice as to PKF, but leaving undisturbed the DOT's cross-claim against PKF for contractual indemnification. The judge found plaintiff did not exercise "due diligence" to identify PKF prior to the expiration of the statute of limitations. We granted plaintiff's motion for leave to appeal, and now reverse.

2

Viewed in the light most favorable to plaintiff, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), we summarize the pertinent facts chronologically and in some detail to give context to plaintiff's efforts in ascertaining PKF's identity.

On June 11, 2016, plaintiff was riding his motorcycle on a highway in Bellmawr when he hit a pothole, causing him to crash. According to the police accident report, the DOT "arrived on scene, noted the pothole, and advised that it w[ould] be repaired." The report further stated there was a pothole on the roadway due to construction. Before leaving the accident scene, plaintiff took photographs of orange traffic signs, indicating the roadway was uneven and under construction.

Plaintiff served a timely notice of tort claim on the DOT. On March 2, 2018, plaintiff filed his complaint for personal injuries and property damage allegedly caused by the accident, naming the DOT and fictitious defendants, denominated as "JOHN DOES 1-10." Paragraph three of the complaint described the John Doe defendants, in relevant part, as any company that "owned, possessed, controlled or maintained any part of the premises known [sic] Interstate 295, at and around mile post 26.8" or "oversaw the . . . conditions

of said premises, including repair of potholes extending into the left lane of travel."

When plaintiff's complaint was served on the DOT, it was accompanied by uniform interrogatories and a notice to produce. The DOT timely answered the complaint, but failed to provide responses to plaintiff's discovery demands until four months later, on July 10.[2] The DOT's delinquent responses did not state that any contractor had performed construction work on the roadway where plaintiff crashed. But, the DOT included with its responses a letter to its regional maintenance department, requesting information about any action taken by the DOT to address the hazard alleged by plaintiff and, if applicable, the contract and insurance information of any "private contractor involved."

Four months later, on December 14, plaintiff received a copy of the DOT's correspondence to PKF, demanding a defense and indemnification pursuant to PKF's contract to repair the roadway at issue. Four days later, PKF's insurance carrier contacted plaintiff's counsel requesting plaintiff's medical records.

---

[2] See R. 4:17-4(b) (requiring service of answers to interrogatories within sixty days after service of the interrogatories); R. 4:18-1(b)(2) (requiring written responses to a notice to produce within thirty-five days after service of the request).

On January 4, 2019, plaintiff moved for leave to file an amended complaint, naming PKF as a defendant. On January 29, four days after the judge granted the motion, plaintiff filed his amended complaint. In March 2019, PKF filed its answer and participated in discovery, including the deposition of its representative conducted by plaintiff in September 2019.

Meanwhile in August 2019, PKF moved for summary judgment. PKF claimed plaintiff failed to sufficiently describe the fictitious entity that performed construction on the roadway where plaintiff crashed, and plaintiff failed to exercise due diligence in determining PKF's identity by June 11, 2018, when the two-year statute of limitations expired. For reasons that are not pertinent to this appeal – culminating in plaintiff's late opposition to PKF's motion – the judge considered the motion unopposed and dismissed plaintiff's complaint as to PKF, without holding argument.

Thereafter, the judge granted plaintiff's ensuing reconsideration motion, then granted PKF's summary judgment motion on the merits. In a short oral decision following argument on both motions, the judge found plaintiff had not exercised due diligence in seeking to identify PKF before the statute of limitations had expired – even before the DOT had provided its belated discovery responses. Notably, the judge recognized plaintiff's late amendment

5

caused "zero prejudice to the moving party." Because PKF did not seek dismissal of the DOT's cross-claim for indemnification, the judge did not dismiss that claim. This appeal followed.

On appeal, plaintiff contends: his initial complaint sufficiently described the entity that controlled the roadway's conditions; he "made good-faith attempts to ascertain the identity of the other entities involved on the project from the State," which did not provide PKF's identity until December 2018; and the interests of justice require reversal of the judge's order because defendant suffered no prejudice by the late amendment. Pursuant to our de novo review of the record, Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 414 (2016), we conclude plaintiff satisfied the requirements of the fictitious-party pleading rule for the reasons that follow. See Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, 224 N.J. 189, 199 (2016) (expressing the well-settled principle that reviewing courts afford no special deference to the legal determinations of the trial court when no issue of fact exists).

Under Rule 4:26-4 if the plaintiff does not know a defendant's true name, "process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification."

Like the discovery rule – which benefits plaintiffs who do not know that they have a compensable injury – fictitious party practice can allow a measure of relief from the strict application of the statute of limitations for plaintiffs who know they have been injured, but do not know the identity or existence of a tortfeasor. See Greczyn v. Colgate-Palmolive, 183 N.J. 5, 11 (2005). Accordingly, when the plaintiff discovers the party's name, "amendment of the complaint may relate back and allow an action otherwise time-barred." Brown v. Kennedy Mem'l Hosp. Univ. Med. Ctr., 312 N.J. Super. 579, 587 (App. Div. 1998).

We begin our review by agreeing with the motion judge that plaintiff's initial complaint sufficiently described PKF under the Rule. Although the complaint did not include the term, "contractor," it referenced the entity that "controlled or maintained" or "oversaw" the "conditions" of the roadway and precisely described the location of the pothole on the date of the accident. Accordingly, PKF's renewed argument that it was not sufficiently identified in plaintiff's initial complaint lacks sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

We focus instead on plaintiff's diligence in substituting PKF in his amended complaint for a fictitious party named in his initial complaint. A party

7

may invoke Rule 4:26-4 only if the party satisfies two phases of due diligence. "First, a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the original complaint naming [fictitious] parties. Second, a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity." Baez v. Paulo, 453 N.J. Super. 422, 439 (App. Div. 2018); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 480 (App. Div. 2003).

Addressing those two phases in reverse order, we agree with the motion judge that "[t]here clearly was due diligence" after the DOT notified plaintiff that PKF was the general contractor that performed the work on the area of the roadway on the date of plaintiff's accident. In short, plaintiff sought leave to amend his complaint to name PKF exactly three weeks after receiving DOT's letter that indicated – for the first time – PKF was the contractor that performed the work on the roadway. We discern no lack of diligence in that timeframe.

We part company, however, with the motion judge's determination that plaintiff failed to satisfy due diligence during the first phase. Although the judge cited no caselaw to support his decision, see Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000), PKF contends we should

8

be guided by our prior decision in <u>Mears v. Sandoz Pharms., Inc.</u>, 300 N.J. Super. 622 (App. Div. 1997). We disagree.

In <u>Mears</u>, we affirmed summary judgment in the defendant contractor's favor, finding the plaintiff was unable to invoke the fictitious party rule and his claims were time-barred. <u>Id.</u> at 633. There, however, the plaintiff was an ironworker injured during a construction site accident when he fell from a building scaffolding. <u>Id.</u> at 625-26. In holding that the plaintiff was not entitled to invoke the fictitious party rule, we observed he "knew or should have known [the defendants' identities], through the exercise of diligence . . . long before he claim[ed] that he did." <u>Id.</u> at 631.

In concluding the general contractor's identity was not "unknown" to the plaintiff in <u>Mears</u>, we noted that, in his deposition, the plaintiff had recalled the contractor was a "'big name' in the contracting business," and the contractor "had a trailer with its name on it at the [plaintiff's] job site." <u>Id.</u> at 631. We said, for that reason alone, the plaintiff was disqualified from invoking the fictitious party rule. <u>Ibid.</u> But we further recognized that even if the plaintiff had not known the general contractor's identity before filing his complaint, he "should have known" its name through an exercise of diligence by making "a simple inquiry at the job site." <u>Id.</u> at 631-32. We also reasoned that, if the plaintiff's counsel

had simply reviewed two documents provided in discovery, he would have seen the contractor's name, as it "conspicuous[ly]" appeared on the documents' face. Id. at 632.

The facts of the present matter tell a different story. Plaintiff sustained personal injuries and property damage during a motorcycle accident on a roadway that was under construction. The record is devoid of any evidence that PKF's trucks or equipment were present at the site. Although the police report clearly states the roadway where plaintiff crashed was under construction, it does not name the contractor that was performing the work at that time of the accident. And, the report indicates the DOT responded to the scene and stated the pothole "w[ould] be repaired," but does not identify the entity that would undertake those repairs or was performing the construction work on that part of the roadway. Nor is any construction equipment depicted in the photographs taken by plaintiff that might otherwise indicate that the DOT contracted with PKF to repair the roadway. Unlike the plaintiff's counsel in Mears, plaintiff's counsel here did not overlook any documents bearing PKF's identity. Indeed, there was nothing about the scene that would have suggested any entity but the DOT was engaged in the roadwork.

Given the totality of those circumstances, we are satisfied plaintiff and his attorney acted with reasonable diligence in attempting to ascertain PKF's true identity before filing suit and before the two-year statute of limitations expired. We are not persuaded by PKF's argument that plaintiff failed to make a request for the contractor's identity pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, by searching the DOT's database, or otherwise ascertaining its identity from the DOT. As the record reveals, the DOT first disclosed it was not involved in the construction – and PKF was involved – in December 2018. Until that point, it was reasonable for plaintiff's counsel to assume the DOT had not contracted with a private company to perform the roadwork.[3]

Our decision finds further support in the absence of prejudice suffered by PKF and the interests of justice. See Viviano v. CBS, Inc., 101 N.J. 538, 547-49 (1986) (recognizing the fictitious party practice and Rule 4:26-4 "emanate from [the Court's] attempt to balance the defendant's interest in repose with the plaintiff's interest in a just determination of his or her claim. The need to submit

---

[3]  At oral argument before us, plaintiff's counsel argued that in his experience, under similar circumstances, the DOT has performed its own roadwork.

claims promptly to judicial management must be tempered by the policy favoring the resolution of claims on their merits.").

Here, PKF was served with plaintiff's amended complaint eight months after the statute of limitations expired, but PKF had already sought plaintiff's medical records following the DOT's demand for defense and indemnification. Moreover, PKF has participated in discovery and the DOT's cross-claim remains viable. On the facts presented, we discern no reason to deny plaintiff the just determination of his claim against PKF on the merits.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION