**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4374-18

JOHN DELLIGATTI,

     Plaintiff-Appellant,

v.

SUMMIT OAKS HOSPITAL,
AHS HOSPITAL CORP./OVER-
LOOK MEDICAL CENTER,[1]
MEDICAL DEPOT, INC.,[2]
BRIGGS MEDICAL SERVICES
CORPORATION,[3] and NOVA
ORTHO-MED, INC.,[4]

     Defendants,

and

INVACARE CORPORATION,

     Defendant-Respondent.

---

[1]  Improperly pled as Overlook Medical Center.

[2]  Improperly pled as Drive Medical Design and Manufacturing.

[3]  Improperly pled as Health Smart International.

[4]  Improperly pled as Nova Medical Products.

Submitted February 3, 2021 – Decided February 23, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0539-18.

Russell P. Trocano, attorney for appellant.

Post & Schell, PC, attorneys for respondent (Christopher T. Chancler and Karyn Dobroskey Rienzi, on the brief).

PER CURIAM

In this personal injury action, plaintiff John Delligatti appeals from an April 26, 2019 Law Division order dismissing his second amended complaint against defendant Invacare Corporation pursuant to Rule 4:6-2(e) for failure to state a claim. When the action originally was filed, Invacare was not named in the complaint, which instead named five entities, and fictitious defendants under Rule 4:26-4. Following expiration of the two-year statute of limitations, N.J.S.A. 2A:14-2, plaintiff learned Invacare's identity and was granted leave to file and serve a second amended complaint naming Invacare as a defendant. The motion judge found plaintiff did not exercise "due diligence" in identifying the fictitious defendants prior to the expiration of the statute of limitations and after

2

he learned Invacare's identity.  As such, the judge granted Invacare's motion to dismiss the second amended complaint.  We affirm.

Viewed in the light most favorable to plaintiff, <u>Printing Mart-Morristown v. Sharp Electronics Corp.</u>, 116 N.J. 739, 746 (1989), we summarize the pertinent facts chronologically to give context to plaintiff's efforts in ascertaining Invacare's identity.  Plaintiff was hospitalized at Summit Oaks Hospital on February 10, 2016.  The next day,[5] plaintiff fell while showering when the shower chair he was utilizing collapsed.  Plaintiff sustained injuries requiring treatment at Overlook Medical Center.

On February 9, 2018 – just prior to the expiration of the two-year limitations period – plaintiff filed a ten-count complaint against defendants Drive Medical Design and Manufacturing, Health Smart International, and Nova Medical Products (collectively, manufacturer defendants); Summit Oaks Hospital and Overlook Medical Center; and fictitious defendants denominated as John Does 1-5, Jane Does 1-5, ABC Corporation[s] 1-5, DEF Corporation[s] 1-5 and XYZ Corporation[s] 1-5.  Relevant here, plaintiff asserted negligence

---

[5]  In his merits brief and initial complaint, plaintiff avers the accident occurred on February 11, 2016.  Plaintiff's amended complaints list that date and February 13, 2016 as the accident date.  The discrepancy in the dates has no bearing on our decision.

and strict liability claims against the manufacturer defendants and the ABC, DEF, and XYZ Corporations, contending they "designed, manufactured and/or distributed" the shower chair that caused his accident.

On June 20, 2018, in its responses to Nova Medical's discovery demands, Summit Oaks identified Invacare as the manufacturer of the "Care Guard shower chairs" utilized at its facility. Eight days later, plaintiff filed his first amended complaint against the same entities and fictitious parties but did not name Invacare as a defendant.

Thereafter, Summit Oaks moved to dismiss plaintiff's complaint for failing to respond to discovery demands. In conjunction with his January 22, 2019 opposition to Summit Oaks's motion, plaintiff moved for leave to add Invacare as an additional party to his lawsuit. The accompanying certification of plaintiff's attorney quoted Summit Oaks's response to Nova Medical naming Invacare, without including the date of the disclosure. Plaintiff's counsel generally mentioned that information "was brought to [his] attention recently during discussions and correspondence with [counsel for Summit Oaks]." On January 25, 2019, the trial court granted both motions. On the same day, plaintiff voluntarily dismissed his claims against Health Smart and Drive Medical.

4

On February 7, 2019, plaintiff filed his second-amended complaint naming the same entities and Invacare as defendants.[6] On March 1, 2019, the trial court granted Nova Medical's motion to dismiss plaintiff's complaint against that entity for failing to provide discovery.

Thereafter, Invacare moved to dismiss plaintiff's second amended complaint, claiming plaintiff's claims were time-barred under the statute of limitations. During oral argument on April 26, 2019, Invacare contended plaintiff failed to exercise due diligence in ascertaining Invacare's identity before filing his complaint and "waited another full seven months before seeking to join Invacare to this lawsuit." Accordingly, defendant contended plaintiff was not entitled to the protections of the fictitious party rule.

Plaintiff's counsel countered that dismissal would infringe upon the "general precept" that his client was entitled to his "fair day in court." Plaintiff's counsel told the judge he "requested [plaintiff']s medical records," but "was unable to ascertain the identity of the chair [manufacturer]." But plaintiff's counsel acknowledged he never requested that information from Summit Oaks before he filed plaintiff's initial complaint. Instead, plaintiff's counsel located

---

[6] For reasons that are unclear from the record, plaintiff filed in the trial court what purports to be an identical copy of his second amended complaint on February 13, 2019.

the names of the manufacturer defendants through an internet search and named those entities because they were "three major local healthcare product manufacturers."

As to why it took seven months after learning Invacare's identity to move to amend his complaint, plaintiff's counsel disclosed that his office "was going through some staffing changes" and he had "a high volume of cases." Conceding he had "no excuse that it took seven months," counsel argued "the client shouldn't be made to suffer for that." Plaintiff's counsel further asserted Invacare was not prejudiced here, where "no witnesses . . . have died or are otherwise unavailable."

Following argument, the motion judge rendered a cogent oral decision from the bench, granting Invacare's motion. In reaching his decision, the judge found defendant failed to exercise due diligence prior to filing his initial complaint and after he learned of Invacare's identity. Citing our decision in Baez v. Paulo, 453 N.J. Super. 422 (App. Div. 2018), the judge determined plaintiff failed to undertake any steps to ascertain the identity of the manufacturer prior to filing his initial complaint and waited seven months after Summit Oaks disclosed Invacare's identity in discovery. Recognizing he need not reach the issue as to whether Invacare was prejudiced by plaintiff's delay,

6

the judge nonetheless determined there existed "great prejudice" here, where the chair no longer exists and the circumstances under which it was broken are unknown. This appeal followed.

On appeal, plaintiff reprises the arguments he asserted before the motion judge. In a multi-part point heading, he claims he satisfied the mandates of the fictitious pleading rule because he "was diligent in his efforts to discover Inva[c]are's true identity as the manufacturer of the shower chair"; "Invacare will not suffer undue prejudice by the delay in its inclusion to the lawsuit"; and "courts may relax rules of procedure when rigid application would time bar an otherwise meritorious claim." Plaintiff's contentions are unavailing.

We review de novo the trial court's decision on a motion to dismiss a complaint as barred by the statute of limitations. See Estate of Hainthaler v. Zurich Commercial Ins., 387 N.J. Super. 318, 325 (App. Div. 2006); see also Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, 224 N.J. 189, 199 (2016) (expressing the well-settled principle that reviewing courts afford no special deference to the legal determinations of the trial court when no issue of fact exists). Accordingly, the trial court's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any

special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A party seeking to invoke fictitious party practice bears the burden of demonstrating compliance with the Rule. See Giovine v. Giovine, 284 N.J. Super. 3, 38 (App. Div. 1995) (Skillman, J.A.D., concurring and dissenting) (citing Lopez v. Swyer, 62 N.J. 267, 276 (1973)) ("A party who seeks to avoid the bar of a statute of limitations by invocation of the discovery rule or other comparable doctrine has the burden of proof.").

The fictitious party practice rule provides in relevant part:

> In any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.
>
> [Rule 4:26-4.]

Accordingly, the Rule requires a plaintiff invoking fictitious party practice to satisfy three requirements: (1) the plaintiff must not know the identity of the defendant said to be named fictitiously; (2) the fictitiously named defendant

must be described with sufficient detail to allow identification; and (3) the plaintiff must provide proof of how it learned the defendant's identity.  Ibid.

Although not expressly stated in the Rule, the party invoking fictitious party practice also must satisfy a fourth requirement:  the party must act diligently in attempting to identify the defendant.  Matynska v. Fried, 175 N.J. 51, 53 (2002); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479-80 (App. Div. 2003); Mears v. Sandoz Pharms., Inc., 300 N.J. Super. 622, 629 (App. Div. 1997).  Indeed, "[t]he purpose of the rule is to render timely the complaint filed by a diligent plaintiff, who is aware of a cause of action against an identified defendant but does not know the defendant's name."  Greczyn v. Colgate-Palmolive, 183 N.J. 5, 11 (2005) (emphasis added); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:26-4 (2021).  The amended complaint substituting the real name of a fictitiously named party is said to "relate back" to the date the complaint was originally filed.  Claypotch, 360 N.J. Super. at 480.

As the motion judge correctly recognized, a plaintiff may invoke Rule 4:26-4 only if the plaintiff satisfies two phases of due diligence.  "First, a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the original complaint naming [fictitious] parties.

Second, a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity." Baez, 453 N.J. Super. at 439; see also Claypotch, 360 N.J. Super. at 480.

Stated another way, a showing of diligence is a threshold requirement for resort to fictitious party practice. See Matynska, 175 N.J. at 53 (referring to the "due diligence threshold"); Claypotch, 360 N.J. Super. at 479-80 (stating that defendant may use a fictitious name "only if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint"); Mears, 300 N.J. Super. at 630 (among other things, a plaintiff's failure to act with due diligence would "disregard considerations of essential fairness to [the] defendant[,] thereby violating the purpose behind the statute of limitations").

When the plaintiff has acted diligently, the absence of prejudice may permit an amendment to serve the interests of justice and fairness. Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 122-23 (1973). However, "[t]here cannot be any doubt that a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run." Mears, 300 N.J. Super. at 631; see also Claypotch, 360 N.J. Super. at 480 (recognizing prejudice to the defendant is "a crucial factor"

as to "whether a plaintiff has acted with due diligence").  Nonetheless, the absence of prejudice to the defendant does not necessarily imply that the plaintiff has exercised due diligence.

Applying these principles, we conclude plaintiff raises no issues on appeal that warrant extended discussion.  R. 2:11-3(e)(1)(E).  We affirm substantially for the sound reasons expressed by the motion judge.  We add only the following brief remarks.

Plaintiff's reliance on our Supreme Court's decision in Farrell is misplaced.  In Farrell, the plaintiff was injured while cleaning an industrial machine.  62 N.J. at 113.  He did not know the identity of the builder of the machine and named a fictitious defendant in his initial complaint.  Ibid.  After the expiration of the statute of limitations, at a deposition, the plaintiff's attorney learned that the name of the builder was adhered to the machine itself.  Ibid.  Within a month, he moved to amend the complaint to name the builder as a defendant.  Id. at 114.  The Court found "the plaintiffs[7] in good faith brought their action expeditiously against the manufacturer under a fictitious name,

---

[7] The plaintiff's wife also filed a derivative claim for loss of consortium.  62 N.J. at 113.

identified it by amendment as soon as they discovered its true name, and served the amended complaint diligently thereafter." Id. at 122.

By contrast in the present matter, plaintiff inadvertently discovered Invacare's identity pursuant to discovery exchanged between Summit Oaks and Nova Medical. And plaintiff waited seven months thereafter to move for leave to add Invacare to his lawsuit. Simply put, plaintiff's lack of diligence was solely responsible for the delay in filing a timely complaint against Invacare, and, as a result, plaintiff neither is entitled to the protection afforded by Rule 4:26-4 nor relaxation of the Rule on equity grounds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12