**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3575-24

LEONIDAS PEREZ,

     Plaintiff-Respondent,

v.

RENTAL SHOP HOLDINGS, LLC,

     Defendant-Appellant.

_____

Submitted September 30, 2025 – Decided October 15, 2025

Before Judges Gilson and Vinci.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1122-25.

Powell, Kugelman & Postell, LLC, attorneys for appellant (Chase T. Gunther, on the brief).

Stephen S. Berowitz, attorney for respondent.

PER CURIAM

On leave granted, defendant Rental Shop Holdings, LLC (Rental Shop) appeals from a June 6, 2025 order denying its motion to dismiss plaintiff's amended complaint alleging personal injury for failure to comply with the applicable two-year statute of limitations (SOL), N.J.S.A. 2A:14-2(a). Having reviewed the record and applicable law, we reverse.

The relevant facts are undisputed. Plaintiff alleges that on February 13, 2023, she lost her balance and fell down the front outdoor stairs of the residential building where she was a tenant located at 198 Littleton Avenue in Newark (the property). Rental Shop owned and managed the property. Prior to the expiration of the SOL, plaintiff provided her attorney with all the information necessary to file a complaint against Rental Shop, including her description of the accident, the fact she was a tenant at the property, that Rental Shop was her landlord, and the correct address of the property.

On February 10, 2025, three days before the SOL expired, plaintiff filed a complaint against the "State of New Jersey, John Doe I[,] and John Doe II, fictitious names for persons or entities whose identities are presently unknown." The complaint alleged plaintiff was injured in a fall that occurred at "a residential building located at 98 Littleton Avenue" and "defendant State of New

Jersey or defendant John Doe I . . . was the owner and[]or manager" of the property.

On February 26, 2025, thirteen days after the SOL expired, plaintiff filed an amended complaint alleging she was injured in a fall at a "residential building located at 198 Littleton Avenue" that was owned and managed by Rental Shop. Plaintiff's attorney concedes "[t]he failure to file the . . . complaint naming . . . Rental Shop . . . as a defendant was due to a mistake in counsel's office."  On February 28, plaintiff voluntarily dismissed her complaint against the State.  On April 8, plaintiff served the amended complaint on Rental Shop.

On April 24, Rental Shop filed a motion to dismiss pursuant to Rule 4:6-2(e).  On June 6, after hearing oral argument, the court entered an order denying the motion supported by an oral opinion.  It reasoned, "what the court ha[d] to determine . . . is whether the plaintiff exercised due diligence."  The court noted "as soon as the plaintiff found out that the correct defendant was not named, the amended complaint was filed and it was just a few days after the [SOL] and, in this case, the plaintiff did file suit and did name a John Doe."  The court found "plaintiff did exercise due diligence and that[ is] proven by how quickly the amended complaint was filed" and "most importantly . . . there was no prejudice

3

to [Rental Shop] because the amended complaint was filed so shortly after the initial [SOL]."

On appeal, Rental Shop argues: (1) the court incorrectly applied the fictitious party rule, Rule 4:26-4, because plaintiff was aware of the identity of Rental Shop when the complaint was filed; and (2) the court improperly applied the doctrine of equitable tolling.

We review a trial court's decision to grant or deny a motion to dismiss pursuant to Rule 4:6-2(e) de novo, applying the same standard as the trial court. Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017) (citation omitted). "Moreover, when analyzing pure questions of law raised in a dismissal motion, such as the application of a statute of limitations, [an appellate court] undertake[s] a de novo review." Ibid. (citing Royster v. N.J. State Police, 227 N.J. 482, 493 (2017) (citation omitted)).

The SOL provides a time period in which a party may bring suit to prevent stale claims and "promote[s] repose by giving security and stability to human affairs." Caravaggio v. D'Agostini, 166 N.J. 237, 245 (2001) (quoting Wood v. Carpenter, 101 U.S. 135, 139 (1879)). Actions for personal injuries must be commenced within two years after the cause of action accrues. Baird v. Am. Med. Optics, 155 N.J. 54, 65 (1998) (citing N.J.S.A. 2A:14-2(a)). There is no

dispute plaintiff's cause of action accrued on February 13, 2023, and she failed to assert a claim against Rental Shop before the SOL expired.

The court incorrectly determined plaintiff was entitled to rely on the fictitious party rule, which provides, "[i]n any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name." R. 4:26-4.

The Rule permits "a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant[,]" which amended pleading will "relate[ ] back to the time of filing of the original complaint, thereby permitting the plaintiff to maintain an action that, but for the fictitious-party practice, would be time-barred." Viviano v. CBS, Inc., 101 N.J. 538, 548 (1986). However, "[t]he first prerequisite to a fictitious name designation in a pleading is that the true identity of the defendant be 'unknown' to the plaintiff." Mears v. Sandoz Pharms., Inc., 300 N.J. Super. 622, 629 (App. Div. 1997) (quoting Marion v. Borough of Manasquan, 231 N.J. Super. 320, 334, 555 (App. Div. 1989)).

"[T]he fictitious name practice authorized by Rule 4:26-4 may only be used when plaintiff does not know or have reason to know the identity of an alleged culpable party." Cardona v. Data Sys. Computer Ctr., 261 N.J. Super.

232, 234 (App. Div. 1992). Indeed, "when a plaintiff knows or has reason to know that he [or she] has a cause of action against an identifiable defendant and voluntarily sleeps on his [or her] rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his [or her] claim." Id. at 234-35 (quoting Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115 (1973)).

Plaintiff concedes she knew the identity of Rental Shop before filing the complaint but failed to name it as a defendant. There is no basis to find "defendant's true name [was] unknown to the plaintiff" prior to the expiration of the SOL as required by Rule 4:26-4, and plaintiff does not contend otherwise.

The court's reliance on our Supreme Court's decision in Matynska v. Fried, 175 N.J. 51 (2002), was misplaced. In Matynska, the Court addressed the timeliness of a motion to amend the plaintiff's complaint to name a party who was unknown at the time the complaint was filed and properly identified as a fictitious party under Rule 4:26-4. Id. at 52-53. The Court determined the plaintiff failed to exercise due diligence in discovering the identity of defendant before moving to amend the complaint and, therefore, the motion to amend was untimely. Id. at 53.

Here, plaintiff knew the identity of Rental Shop at the time the complaint was filed. As a result, the fictitious party rule does not apply. The court's determination, in reliance on <u>Matynska</u>, that the <u>Rule</u> applied because counsel acted diligently to correct his error after the SOL expired, was not correct. Indeed, plaintiff and her counsel had two full years to confirm that Rental Shop owned the building; that is one of the reasons why the Legislature has given personal injury plaintiffs two years to bring their action. Not conducting basic and easy investigation during the limitations period is not acting diligently.

There is no basis to find the SOL was equitably tolled under the facts of this case. "Equitable tolling is traditionally reserved for limited occasions." <u>F.H.U. v. A.C.U.</u>, 427 N.J. Super. 354, 379 (App. Div. 2012).

A statute of limitations may be equitably tolled: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." <u>Barron v. Gersten</u>, 472 N.J. Super. 572, 577 (App. Div. 2022) (alterations in original) (quoting <u>F.H.U.</u>, 427 N.J. Super. at 379) (internal quotation marks omitted). "Absent a showing of intentional inducement or trickery by a defendant, [equitable tolling] . . . should be applied sparingly and only in the rare situation where it is

demanded by sound legal principles and in the interest of justice." Barron, 472 N.J. Super. at 577 (quoting Binder v. Price Waterhouse & Co., L.L.P., 393 N.J. Super. 304, 313 (App. Div. 2007)).

Claims of "attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Binder, 393 N.J. Super. at 314 (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d. Cir. 2001)). Even if a plaintiff can demonstrate such "extraordinary" circumstances, equitable tolling also "requires the exercise of reasonable insight and diligence by a person seeking its protection." Id. at 313 (citing Villalobos v. Fava, 342 N.J. Super. 38, 52 (App. Div. 2001)).

In this case, it is undisputed the only reason Rental Shop was not named in plaintiff's complaint was due to her attorney's error. Accordingly, plaintiff failed to establish extraordinary circumstances warranting application of the doctrine of equitable tolling. Binder, 393 N.J. Super. at 314. Furthermore, there is no basis to find plaintiff acted with reasonable diligence. Plaintiff was aware of her cause of action against Rental Shop at the time of her alleged fall. She waited until three days before the SOL expired to file her complaint and then failed to name Rental Shop as a defendant. Those facts simply do not support the court's conclusion that plaintiff acted with reasonable diligence.

Based on our de novo review, we conclude plaintiff's personal injury complaint against Rental Shop is barred pursuant to N.J.S.A. 2A:14-2(a) because it was not filed within two years of the accrual of her cause of action. Rental Shop's motion to dismiss plaintiff's amended complaint should have been granted.

Reversed and vacated. On remand, the court is directed to enter an order granting judgment to defendant based on the SOL.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-3575-24