811 A.2d 456

HELENA MATYNSKA, PLAINTIFF–APPELLANT, v. STEVEN H. FRIED, M.D., MICHAEL AZZONI, M.D., DAVID ADAMS, M.D. AND ERWIN MERMELSTEIN, M.D., DEFENDANTS–RESPONDENTS, AND MARC CARDLIA, M.D., GERALD WEISFOGEL, M.D., KATHLEEN REED, R.N., KAILAS TANNA, L.P.N., LYNANN WALLACE, R.N., CELESTE ARDONA, L.P.N., ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL, JOHN DOES, M.D. (1 THRU 15) AND JANE DOES, R.N. (1 THRU 15), (SAID NAMES BEING FICTITIOUS FOR OTHER MEDICAL PERSONNEL WHO TREATED PLAINTIFF AS TRUE IDENTITIES ARE UNKNOWN), DEFENDANTS.

Argued September 23, 2002—Decided December 18, 2002.

*Richard Galex,* argued the cause for appellant (*Galex, Tortoreti & Tomes,* attorneys; *Mr. Galex* and *Frances A. Tomes,* on the briefs).

*Gary L. Riveles,* argued the cause for respondent Steven H. Fried, M.D. (*Dughi, Hewit & Palatucci,* attorneys).

*Kenneth M. Brown* argued the cause for respondents Michael Azzoni, M.D. and David Adams, M.D. (*Reiseman Sharp Brown & Rosenberg,* attorneys).

*Paul F. Schaaff, Jr.,* argued the cause for respondent Erwin Mermelstein, M.D. (*Orlovsky, Moody & Schaaff,* attorneys; *Jill R. O'Keeffe,* on the brief).

PER CURIAM.

Plaintiff, Helena Matynska suffered complications following hip replacement surgery, which she attributed to negligent post-operative medical treatment. She filed a complaint against Robert Wood Johnson University Hospital, eleven doctors and nurses, and "John Doe, M.D. and Jane Doe, R.N." Not named as a defendant was Dr. Mark Feierstein, who for nearly three days after her surgery, "covered" hospital rounds for his partner, Matynska's orthopedic surgeon, Dr. Steven H. Fried.

Although Dr. Feierstein's name appeared twice in Matynska's hospital chart, she claims that she did not timely know that he was in any way responsible for her treatment because she never met him, was not advised that he would be "covering" for Dr. Fried, and because the brief and vague hospital chart references to Dr. Feierstein did not disclose his role in her care and treatment.

Two years after the institution of this action, and four years after the alleged negligence, Matynska filed a motion to amend that complaint to name Dr. Feierstein in place of John Doe, M.D. pursuant to *R.* 4:26–4. The trial court denied the motion and the Appellate Division affirmed, essentially concluding that if Matynska had undertaken adequate investigation and preparation, she would have discovered Dr. Feierstein's involvement prior to the expiration of the statute of limitations or within a reasonable time thereof. We granted certification, 171 *N.J.* 442, 794 *A.*2d 181 (2002), and now affirm.

■ The Appellate Division was correct in concluding that Matynska's efforts to discover the role of all parties complicit in her injury were wholly inadequate at least insofar as Dr. Feierstein was involved. As the Appellate Division noted, the doctor's name appeared twice in Matynska's hospital records as a physician having participated in her care. Even a cursory look at the telephone book or a call to Dr. Fried or the hospital would have uncovered Dr. Feierstein's status as a partner of Dr. Fried, thus alerting Matynska to his role. She had an obligation to investigate all potentially responsible parties in a timely manner but did not do so. In short, Matynska failed to cross the due diligence threshold, and thus the lower courts properly denied her the right to amend the complaint.

■ That is not to suggest that we approve of the tactics of Dr. Fried and his counsel. Sharp practice came into play in the answers to interrogatories and in Dr. Fried's dissembling responses to the questions propounded during depositions. Those answers, although late in the game, were given prior to Matynska's motion to add Dr. Feierstein as a defendant. They were obfuscatory, and arguably calculated to mislead Matynska regarding Dr. Feierstein's connection to the case, thus paving the way for the so-called "empty chair" defense. Emblematic was Dr. Fried's refusal in interrogatory answers to even identify the members of his group or to acknowledge that Dr. Feierstein was covering for him on the dates in question.

54

We abhor such tactics, which, in an appropriate case, could well be considered lulling, if not deliberate concealment. In this case, because Matynska failed in her primary obligation to investigate Dr. Feierstein's involvement in a diligent and timely fashion, the defense's later tactics are not material to our disposition. We nevertheless caution attorneys to avoid such conduct or risk the potential consequences.

The judgment of the Appellate Division is affirmed.

*For affirming*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI, and ALBIN—7.

*Opposed*—None.