NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1061
_____


ANTHONY MCGILL,

Appellant

v.

JOHN DOES A-Z; JANE DOES A-Z;
SSA WILLIAM EVANINA; SA RAY LOVETT;
SA STEPHEN EGBERT; SA JAMES TARECO;
SA KEVIN CONKLIN; SA DAVE MAGNESS;
SA ANGEL ALICEA; SA STEPHEN SIEGEL; SA H. GULICK;
SA MICHAEL ADAMS; SA CHRIS SETTEMBRINO;
SA ANDREW KLOPFER; SA JASON BEVAN; SA DENNIS ENG

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-03254)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2013

Before:  AMBRO, FISHER, and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed October 10, 2013)

_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Plaintiff Anthony McGill has sued 14 named Federal Bureau of Investigation (FBI) special agents. He claims that a raid on his home by the agents in May 2007, when he was 16 years old, resulted in physical injury and property damage. He filed his initial complaint three days before the statute of limitations, which was extended for two years due to his age, elapsed. McGill did not name individual defendants in his pleadings until nearly a year after the extended statute of limitations expired. The District Court dismissed the amended complaint naming individual defendants as barred by the statute of limitations.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review an order granting a motion to dismiss *de novo*. *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (citing *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)).

When federal statutory law does not specify a statute of limitations for an action, we look to state law to determine both the limitation period and its application, as well as the effect of any alleged period of tolling. *Wilson v. Garcia*, 471 U.S. 261, 266-67, 269 (1985). For actions under 42 U.S.C. § 1983 and claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the statute of limitations is taken from the forum state's personal injury statute. *See Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993) (holding that "§ 1983 actions should be classified as claims for personal injury for the purpose of determining the limitations

period under the applicable state law" (citing *Garcia*, 471 U.S. at 272-76, 280)); *see also*

*King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (noting that

the same statute of limitations applies to *Bivens* and § 1983 claims).

In New Jersey, the statute of limitations for personal injury claims is two years.

N.J.S.A. 2A:14-2. In a § 1983 action, the statute of limitations begins to run "when the

plaintiff knew or should have known of the injury upon which its action is based."

*Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (citing *de Botton v.*

*Marple Twp.*, 689 F. Supp. 477, 480 (E.D. Pa. 1988)). Where the person injured was a

minor at the time of the injury, the statute of limitations is tolled and does not begin to

run until the plaintiff turns 18 years old. *See* N.J.S.A. 2A:14-21 (tolling personal injury

actions until age 21); N.J.S.A. 9:17B-1 (modifying 2A:14-21 to allow 18-year-olds to sue

and be sued).[1]

Because McGill was a minor at the time of the alleged injury, the statute of

limitations was tolled until his 18th birthday on April 30, 2009. Under the tolled statute

of limitations he had until April 30, 2011 to file his complaint. McGill filed his initial

complaint (naming, among others, the FBI and individual "John Does" as defendants) on

April 27, 2011. He filed a Second Amended Complaint, replacing the John Doe

defendants with named agents on March 26, 2012, almost a year after the extended

statute of limitations elapsed. The Second Amended Complaint is therefore only timely

---

[1] After the incident here, New Jersey amended N.J.S.A. 2A:14-21 to toll actions only until age 18, rather than 21. *See* 2013 N.J. Sess. Law Serv. 103 (West). Because, prior to this amendment, N.J.S.A. 9:17B-1 already modified N.J.S.A. 2A:14-21 to limit in practice the tolling to age 18 rather than 21, the amendment would have no practical effect in this case.

as to those defendants if it relates back to the initial filing date under either the relation back rule or the fictitious party rule. *See* N.J.R. 4:9-3 (allowing for relation back of amendments); N.J.R. 4:26-4 (allowing naming fictitious defendants and later substituting true names); *see also Viviano v. CBS, Inc.*, 503 A.2d 296, 301 (N.J. 1986) (holding that, under N.J.R. 4:26-4, "an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint").

The relation back rule under New Jersey's Rule 4:9-3 is not in play here.[2] The Rule "permits the addition of a new claim or a new party when the initial complaint did not contemplate the need for such an amendment," *Viviano*, 503 A.2d at 304, such as where there was a mistake as to the identity of the proper party, N.J.R. 4:9-3. Here, McGill filed suit against the John Does, presupposing a need for later amendment, rather than mistakenly identifying incorrect defendants. Thus, as the District Court concluded, the fictitious party rule is the appropriate rule under which to consider the amendments in this case.

The fictitious party rule applies only where a plaintiff has proceeded with due diligence to ascertain the name of the defendant(s). *See DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353 (3d Cir. 2004); *Greczyn v. Colgate-Palmolive*, 869 A.2d 866, 870 (N.J. 2005). There is no "standard definition of diligence, since 'the meaning of due

---

[2] Because New Jersey law, rather than federal law, sets the relevant statute of limitations, we analyze this claim under the New Jersey rather than federal relation back rule. *See* Fed. R. Civ. P. 15(c)(1)(A) ("An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back . . . .").

diligence will vary with the facts of each case.'" *DeRienzo*, 357 F.3d at 354 (quoting

*O'Keeffe v. Snyder*, 416 A.2d 862, 873 (N.J. 1980)). At a minimum, plaintiffs must

"investigate all potentially responsible parties in a timely manner" in order to satisfy the

diligence requirement. *Matynska v. Fried*, 811 A.2d 456, 457 (N.J. 2002).

McGill failed to exercise the required diligence here, as the District Court

correctly concluded. After filing the sparse Tort Claims Notice on January 14, 2009,

almost two years after the alleged incident took place, McGill failed to submit an SF-95

federal claim notice form despite being provided one by the FBI. In the two years

between the filing of the initial notice and the filing of the initial complaint, McGill took

no steps known to us to determine the identity of the FBI agents and had virtually no

communication with the FBI. Although, as the District Court noted, he did make efforts

to identify the agents after filing his complaint, these efforts cannot make up for his lack

of diligence in the four years prior to filing. Therefore, because he has failed to

demonstrate the required diligence, McGill's claims will not relate back under the

fictitious party rule.

Because the claims do not relate back for the individual defendants and the Second

Amended Complaint naming the individual defendants was not filed until after the statute

of limitations had elapsed, McGill's claims are barred by the statute of limitations. We

therefore affirm the District Court's dismissal of this case.

5