**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4212-19T2

STEVEN CHOKAS and
KIM CHOKAS, Per Quod,

     Plaintiffs-Appellants,

v.

MAST CONSTRUCTION,
TERMINAL CONSTRUCTION,
KAS CONSTRUCTION
CONSULTANTS, LLC, and
KENVIL UNITED CORP.,

     Defendants,

and

TERRACON,

     Defendant-Respondent,

Argued October 5, 2020 - Decided November 6, 2020

Before Judges Sabatino, Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2267-18.

Nehal Modi argued the cause for appellant (The Haddad Law Firm, PC, attorneys; Nehal Modi, on the brief).

Joseph M. Gaul, Jr. argued the cause for respondent (Gaul, Baratta, & Rosello, LLC, attorneys; Joseph M. Gaul, Jr., on the brief).

PER CURIAM

On leave granted, we consider whether plaintiffs complied with the requirements of the fictitious pleading rule, <u>Rule</u> 4:26-4, permitting them to amend their complaint to include defendant Terracon Consultants, Inc.,[1] an engineering firm, after the expiration of the statute of limitations. Although the trial court found plaintiffs provided a sufficient fictitious description of Terracon in their complaint, the court concluded plaintiffs failed to exercise the due diligence required under the rule. Therefore, the court granted Terracon's motion for dismissal.[2] Because we are satisfied plaintiffs were sufficiently diligent in pursuing discovery as to Terracon's identity under the presented circumstances, we reverse.

---

[1] Terracon Consultants, Inc. was improperly pled in the amended complaint as Terracon.

[2] We also reverse the denial of plaintiffs' motion for reconsideration.

On November 4, 2016, plaintiff Steven Chokas[3] was injured when he fell through a rebar beam while working at the 350,000 square foot site for the construction of a high school in Secaucus, New Jersey. At the time, Steven was employed by Nordic Contracting Co., Inc. as a concrete laborer. Within weeks of the accident, Steven applied for workers compensation benefits.

In September 2017, plaintiffs retained counsel to represent them in a personal injury suit. On October 3, 2017, plaintiffs filed an Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, request with Secaucus. Plaintiffs requested copies of all permits pulled for construction at the site as well as insurance and other contact information for all contractors and subcontractors involved in the project. The records provided from Secaucus disclosed the identity of nine contractors associated with the project, including the general contractor and project manager, defendant Terminal Construction Corporation and the project owner, defendant Mast Construction Services, Inc. The records further disclosed that the construction site was located on land owned by the Hudson County Improvement Authority (HCIA). The records did not identify Terracon.

---

[3] Kim Chokas, as Steven's wife, asserts a per quod claim.

A-4212-19T2

On June 11, 2018, plaintiffs filed their initial Complaint naming Mast, ABC Company 1-10, Terminal, and ABC Company 11-20 as defendants. The fictitious entities were described as "responsible for organizing, maintaining, supervising and otherwise controlling the safety of the project, the site and premises, and for directing the work and other activities of all general contractors, construction managers, subcontractors, safety engineers, architects, design engineers, steel fabricators, and tradesmen and their respective agents, servants and employees." Plaintiffs alleged defendants' negligence in failing to maintain a safe construction site caused Steven to sustain injuries.

In September 2018, counsel for Mast identified two additional contractors associated with the project: KAS Construction Consultants, LLC and Kenvil United Corporation. Mast's counsel stated that "[s]hould we learn of the identity of parties we believe should be in the case, we will advise."

Thereafter, in October 2018, plaintiffs filed their First Amended Complaint adding defendants KAS, Kenvil, and ABC Company 21-30. Plaintiffs described ABC Company 21-30 as "subcontractors for the project at the subject facility pursuant to its contract with MAST CONSTRUCTION and/or ABC COMPANY 1-10 (being fictitious entities unknown at this time) and/or ABC COMPANY 11-20 (being fictitious entities unknown at this time)

4

and/or others." Plaintiffs further described ABC Company 21-30 as owing a duty of care to Steven and "responsible for organizing, maintaining, supervising, and otherwise controlling the safety of the project, the site and premises, and for directing the work and other activities of all general contractors, construction managers, subcontractors, safety engineers, architects, design engineers, steel fabricators, and tradesmen and their respective agents, servants, and employees."

Defendants Mast, Terminal, Kenvil, and KAS answered plaintiffs' discovery requests between March and June 2019. None of the defendants mentioned Terracon in their discovery responses.

On September 5, 2019, Mast amended its answers to interrogatories to include reports from Terracon reflecting Terracon had inspected the area of the construction site where the accident occurred. This was the first time Terracon's involvement and identity were disclosed to plaintiffs.

Under a case management order dated September 27, 2019, the court extended discovery and permitted plaintiffs to file a Second Amended Complaint to add Terracon as a defendant. Plaintiffs filed the complaint that day and served Terracon on October 1, 2019.

A-4212-19T2

Terracon moved to dismiss the Second Amended Complaint, arguing it was time-barred as the statute of limitations had expired and plaintiffs had not complied with the requirements of Rule 4:26-4. Terracon contended the First Amended Complaint did not sufficiently describe ABC Company 21-30 to later identify and include Terracon. Terracon further argued plaintiffs failed to exercise due diligence in discovering its identity because plaintiffs did not file an OPRA request with the HCIA.

In response, plaintiffs asserted the First Amended Complaint sufficiently described ABC Company 21-30 as performing inspections and supervising control of the project, permitting them to later identify this fictitious party as Terracon. Plaintiffs also disputed they failed to exercise due diligence.

Plaintiffs described the size and complexity of the construction project and noted none of the named defendants had identified Terracon in their initial discovery responses. They stated they filed an OPRA request with Secaucus seeking the identity of all entities and individuals who worked on the project, and filed their initial complaint based on the information received in response to their request. Furthermore, plaintiffs contended they only learned of Terracon's identity after Mast amended its written discovery responses.

Plaintiffs asserted they immediately sought leave to amend their complaint to include Terracon – ten months after the statute of limitations lapsed.

On March 4, 2020, the trial court issued an order and memorandum of decision granting Terracon's motion. Although the judge found that plaintiffs' First Amended Complaint sufficiently described Terracon under Rule 4:26-4, she concluded that plaintiffs did not exercise due diligence in attempting to discover Terracon's identity. The court advised that plaintiffs could have filed an OPRA request with the HCIA after learning it owned the construction site, "check[ed] with" Steven's employer, Nordic, and followed up with their OPRA request to Secaucus after receiving incomplete responses. Because plaintiffs failed to exercise due diligence, the court concluded they were not entitled to pursue their claim against Terracon under Rule 4:26-4.

Upon receipt of the court's ruling, plaintiffs filed an OPRA request with the HCIA seeking documentation for all permits issued for the construction site, all contractor and subcontractor insurance policies, and the names and addresses of all contractors and subcontractors involved in the project. The HCIA responded to the request. None of the documents identified Terracon. Plaintiffs also sent a similar request to Nordic. There was no response.

A-4212-19T2

Plaintiffs moved for reconsideration, arguing they exercised due diligence and informing the court of their correspondence with the HCIA and Nordic, which failed to reveal the identity of Terracon.

On June 11, 2020, the court issued an order and memorandum of decision denying plaintiffs' motion. The court found plaintiffs' efforts regarding the HCIA and Nordic were untimely. If plaintiffs had presented the court with the information in their initial submissions opposing the motion to dismiss, they could have demonstrated their inability to determine Terracon's identity. Because plaintiffs were not diligent, they were not entitled to relief from the bar of the statute of limitations under Rule 4:26-4.

We granted plaintiffs leave to appeal on July 23, 2020.

Our review of an order dismissing a complaint as barred by the statute of limitations is de novo. See Estate of Hainthaler v. Zurich Commercial Ins., 387 N.J. Super. 318, 325 (App. Div. 2006). Thus, the trial court's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). We review a trial court's decision to grant or deny an ensuing motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

8

On appeal, plaintiffs renew their argument that they were diligent in discovering Terracon's identity. They also contend that Terracon will not be prejudiced if added to the suit because plaintiffs have provided Terracon with all discovery, pleadings and correspondence related to the case and Terracon's counsel has appeared at all of the court proceedings and depositions.

Terracon argues the court was correct in its finding that plaintiffs were not diligent. Terracon also asserts it will be prejudiced if required to defend plaintiffs' suit because it has not filed an answer and has not had an opportunity to locate witnesses and project files or prepare and serve discovery demands.

N.J.S.A. 2A:14-2(a) requires an action for personal injuries to be filed within two years after the accrual of the cause of action. The principal consideration underlying the enactment of statutes of limitations is one of fairness to defendants. Lopez v. Swyer, 62 N.J. 267, 274 (1973).

Still, our courts also recognize the significant policy interest favoring the resolution of claims on their merits. Viviano v. CBS, Inc., 101 N.J. 538, 547-49 (1986) (noting that "[j]ustice impels strongly towards affording the plaintiffs their day in court on the merits of their claim"). Therefore, certain procedural rules aim at balancing these competing interests.

A-4212-19T2

One of those rules is the fictitious pleading rule, <u>Rule</u> 4:26-4, which provides in pertinent part:

> In any action, irrespective of the amount in controversy, other than an action governed by <u>R.</u> 4:4-5 (affecting specific property or a res), <u>if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.</u>
>
> [<u>R.</u> 4:26-4 (emphasis added).]

Our Supreme Court has construed <u>Rule</u> 4:26-4 to allow "a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant." <u>Viviano</u>, 101 N.J. at 548. When this procedure is properly used, "'an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint.'" <u>Baez v. Paulo</u>, 453 N.J. Super. 422, 437 (App. Div.) (citing <u>Viviano</u>, 101 N.J. at 548), <u>appeal denied</u>, 235 N.J.107 (2018).

Although the fictitious pleading rule allows a party to amend its complaint after the expiration of the statute of limitations, "case law has emphasized the need for plaintiffs and their counsel to act with due diligence in attempting to identify and sue responsible parties within the statute of limitations period." <u>Ibid.</u>; <u>see, e.g.</u>, <u>Matynska v. Fried</u>, 175 N.J. 51, 52-54 (2002); <u>Claypotch v.</u>

Heller, Inc., 360 N.J. Super. 472, 479-80 (App. Div. 2003).  Simply put, "Rule 4:26-4 may only be used by a plaintiff if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint."  Baez, 453 N.J. Super. at 438 (citations omitted).  See also Claypotch, 360 N.J. Super. at 479-80 ("To be entitled to the benefit of the rule, a plaintiff must proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant.").

In determining whether a plaintiff has proceeded in a sufficiently diligent manner when substituting the true name of a fictitiously identified defendant, "a crucial factor is whether the defendant has been prejudiced by the delay in its identification as a potentially liable party and service of the amended complaint."  Claypotch, 360 N.J. Super. at 480.  As we stated in Baez, a plaintiff must satisfy two levels of diligence to be accorded the tolling benefits of the rule:

> First, a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the original complaint naming John Doe parties.  Second, a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity.
>
> [453 N.J. Super. at 439.]

Here, the trial court concluded plaintiffs sufficiently described Terracon in their First Amended Complaint. Therefore, the only issue for our consideration is whether plaintiffs acted diligently in discerning Terracon's identity. Under the circumstances presented, we are satisfied plaintiffs exercised due diligence.

Upon retention, plaintiffs' counsel immediately sought to identify potentially liable parties by filing an OPRA request with Secaucus seeking documents that would identify all the contractors and subcontractors associated with the construction project. The municipality's responses revealed the identity of nine contractors on the project, none of which were Terracon. Five months before the statute of limitations expired, plaintiffs filed suit against Mast and Terminal and named fictitious parties to preserve the ability to add later-identified defendants. Plaintiffs also began the process of discovery to discern the identity of other parties with potential liability for Steven's accident.

When Mast identified KAS and Kenvil as iron work contractors performing work on the site, plaintiffs amended their complaint to include those entities. The statute of limitations lapsed prior to any defendant providing its answers to written discovery. But when the discovery was produced, none of the defendants identified Terracon or mentioned the company in their responses.

12

It was not until September 5, 2019, when Mast amended its answers to interrogatories to include engineering inspection reports from Terracon, that plaintiffs learned Terracon's identity. After the court granted leave to amend, plaintiffs filed their Second Amended Complaint on September 27, 2019, adding Terracon as a named defendant.

Terracon suggested in its brief supporting its motion to dismiss that plaintiffs could have exercised greater efforts to identify Terracon, including issuing an OPRA request to the HCIA and contacting Steven's employer for information. In finding plaintiffs were not diligent, the trial court mentioned those additional discovery efforts would have demonstrated plaintiffs' attempts to identify other potentially liable parties. However, following the court's ruling, when plaintiffs submitted an OPRA request to the HCIA, the 80-page response did not mention Terracon. Nordic did not respond to plaintiffs' request.

We are satisfied that, under these circumstances, where Steven was injured while working on a small portion of an immense construction project, and could not personally know the identities of the myriad of trades and companies involved in the project, plaintiffs were diligent in their efforts to identify potential responsible parties. None of the named defendants, including the project owner and general contractor, provided any information regarding

13

Terracon in the voluminous production of discovery materials. When plaintiffs learned of Terracon's involvement, they promptly amended the complaint.

We are not persuaded by Terracon's assertion that it is prejudiced by the late amendment. The company has been represented by counsel upon service of the complaint. All written discovery was provided, and counsel has been actively attending case management conferences and depositions.

We, therefore, reverse the trial court's orders granting the dismissal of Terracon and denying reconsideration.

Reversed and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4212-19T2