**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0919-22

GILDA FABIOLA SURIEL,

      Plaintiff-Appellant,

v.

MARBELLA TOWER URBAN
RENEWAL ASSOCIATION,

      Defendant-Respondent,

and

MARBELLA TOWER URBAN
RENEWAL SOUTH, LLC,
d/b/a M2,

      Defendant/Third-Party
      Plaintiff-Respondent,

v.

AJD CONSTRUCTION, INC.,[1]

      Third-Party Defendant,

---

[1] Defendant's correct name is AJD Construction, Inc., improperly plead as ADJ Construction, Inc.

and

TWIN RESOURCES,

Third-Party Defendant-
Respondent.

Argued March 5, 2024 – Decided May 16, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4813-17.

George Rios argued the cause for appellant.

Daniel S. Jahnsen argued the cause for respondents Marbella Tower Urban Renewal South, LLC, d/b/a M2 and Twin Resources, Inc. (Dorf Nelson & Zauderer LLP, attorneys; Daniel S. Jahnsen, on the brief).

PER CURIAM

Plaintiff Gilda Fabiola Suriel appeals from the Law Division's orders dated July 8, 2022, dismissing her complaint as to defendant Twin Resources; and October 13, 2022, granting summary judgment to defendant Marbella Tower Urban Renewal South, LLC d/b/a M2.[2]  We affirm the court's well-reasoned decisions issued orally on the record and in a written opinion, respectively.

---

[2]  Plaintiff withdrew her appeal of the order dated July 12, 2019, denying her motion to file an amended complaint.

A-0919-22

Marbella owned and constructed an apartment building in Jersey City. AJD, Marbella's general contractor for the project, subcontracted with Twin Resources to landscape outside the building, which included installing metal grates around the trees planted in the sidewalks. In March 2022, AJD considered the building project to be finished, the municipality issued a temporary certificate of occupancy, and potential tenants began regularly touring the building. On April 22, 2016, plaintiff stepped over the curb in front of the building, tripped over a metal tree grate on the sidewalk, and sustained injuries from her fall.

Marbella's director of operations, Justine Florian, reported to the site of the accident, which she documented in a report:

> [Plaintiff] tripped and fell while walking from the street up and/or over the curb to the sidewalk and/or over/near a tree grate on the sidewalk in front of M2. She did not report what specifically she tripped over. She reported pain in her right knee, right elbow and right wrist. She was unable to walk. An ambulance was called and she was taken to Jersey City Medical Center.

Her report noted the following action taken:

> Justine Florian called Warren Bigos with AJD to report this incident. Warren and Peter Filipiak, also with AJD, both reported to the side to inves[ti]gate. Peter placed some cones in and around the area and was going to contact someone to look at the area and tree grate where the incident took place. Eric Rodriguex reported the

A-0919-22

incident to Salil Sheth with Roseland who reported the incident to Hetal Patel with AJD.

Florian also photographed the site, documenting the location of the accident and where Filipiak placed the cones.

On November 22, 2017, plaintiff filed a complaint against Marbella alleging she tripped and fell over "uneven pavement." One year later, Marbella served answers to interrogatories in which it referenced and attached Florian's incident report. Marbella's responses to supplemental interrogatories indicated it was "[u]nknown at the present time" whether "any repairs, maintenance or rehabilitation work" had been done to "the place of the accident five (5) years prior . . . to the date of the accident[.]"

Plaintiff's complaint was dismissed in December 2018 for failure to respond to Marbella's discovery requests, and was reinstated in April 2019. Marbella subsequently informed plaintiff that AJD had installed the metal tree grate.

After plaintiff's motion for leave to file an amended complaint against AJD was denied in July 2019, Marbella sent an email to plaintiff's counsel providing him with the contract between Marbella and AJD. Plaintiff filed an unsuccessful motion for reconsideration on the ground that she had just received

the contract between Marbella and AJD, and thereby recently learned the identity of AJD.

On September 27, 2019, plaintiff's complaint was dismissed for the second time, for failure to appear for an Independent Medical Examination (IME). It was reinstated over a year later, in December 2020, after she attended the IME. In January 2021, Marbella filed a third-party complaint against AJD. Plaintiff also filed an amended complaint against AJD, which was dismissed for failure to state a claim six months later.

In July 2021, AJD served discovery responses on Marbella, which included AJD's subcontract with Twin Resources for landscaping. On leave granted and in the absence of opposition, plaintiff filed an amended complaint naming Twin Resources as a defendant and Marbella filed an amended complaint naming Twin Resources as a third-party defendant.

Twin Resources' Motion to Dismiss

On February 1, 2022, Twin Resources filed a motion to dismiss plaintiff's amended complaint on statute of limitations grounds, which was converted to a summary judgment motion pursuant to Rule 4:6-2(e).

N.J.S.A. 2A:14-2(a) provides in relevant part: "Except as otherwise provided by law, every action at law for an injury to the person caused by the

wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."

Plaintiff contended she should have been afforded the benefit of the fictitious pleading rule, equitable tolling, the discovery rule and the relations back doctrine. The trial court addressed each of these issues in turn.

The fictitious pleading rule provides:

> [I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.
>
> [R. 4:26-4.]

To be afforded the benefit of this rule, "a plaintiff must proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant." Claypotch v. Heller, Inc., 360 N.J. Super. 472, 480 (2003). To determine "whether a plaintiff has acted with due diligence, a crucial factor is whether the defendant has been prejudiced by the delay in its identification as a potentially liable party and service of the amended complaint." Ibid. The fictitious pleading rule will not

6

shield a plaintiff who had adequate time to discover and obtain the identity of a defendant.  Matynska v. Fried, 175 N.J. 51, 53 (2002).

The court found plaintiff did not demonstrate she had acted with due diligence because she knew of AJD's involvement in November 2018 when Marbella provided her with the incident report referencing AJD, and she did not take any course of action to investigate further.

The court noted three examples demonstrating plaintiff's lack of due diligence.  First, plaintiff could have filed a motion to compel Marbella to respond to her discovery requests sooner than the year it took Marbella to provide it.  She also could have submitted a request under the Open Public Records Act, N.J.S.A. 47:1A-1 to -13, for the construction records concerning the "permits, plans[ and] approvals[] for the sidewalk, which would have at least identified the general contractor and other contractors on the project."  In addition, "[p]laintiff could have sought discovery directly from AJD by way of subpoena, since AJD was identified in Marbella's discovery responses . . . even prior to AJD being involved in the case."  Thus, the court concluded plaintiff was on notice AJD could have been a culpable party and, had she conducted an appropriate investigation, it would have revealed Twin Resources' involvement within the statute of limitations.

The court also found Twin Resources would have been prejudiced by the delay in "being brought into the litigation four years after its commencement and nearly six years after [p]laintiff's fall," and therefore plaintiff was not entitled to benefit from the fictitious pleading rule.

The court also rejected plaintiff's contention the relation back doctrine rendered her complaint timely. Rule 4:9-3 provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

The intent behind the notice provision "is to assure that the added party will not be prejudiced by having to defend a stale claim." Otchy v. City of Elizabeth Bd. of Educ., 325 N.J. Super 98, 107 (1999).

8

Because plaintiff did not provide any proof Twin Resources had notice of her claim prior to the expiration of the statute of limitations, the court found as a matter of law she was not entitled to the benefit of the relation back doctrine.

The court next addressed whether the statute of limitations should be tolled as a matter of equity. Tolling of a statute of limitations is permitted in limited circumstances "(1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." Barron v. Gersten, 472 N.J. Super. 572, 577 (2022) (alterations in original) (quoting F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012)).

"[E]quitable tolling requires plaintiffs to 'diligently pursue their claims' because although it 'affords relief from inflexible, harsh or unfair application of a statute of limitations,' [it] does not excuse claimants from exercising the reasonable insight and diligence required to pursue their claims." Ibid. (alterations in original) (quoting Binder v. Price Waterhouse & Co., L.L.P., 393 N.J. Super. 304, 313 (App. Div. 2007)).

The trial court noted "[e]quitable tolling is warranted where a litigant is tricked or induced by his adversary's misconduct into allowing the filing

deadline to pass."  Here, plaintiff alleged Marbella withheld information by failing to timely respond to discovery requests and then mislead her in its answers.  Thus, the court found "the doctrine of equitable tolling [did] not operate to save [p]laintiff's claim against Twin Resources" because plaintiff's request to invoke it was based on the alleged "surreptitious behavior" of Marbella, not Twin Resources.

The court also considered whether plaintiff was entitled to relief under the discovery rule, which is "a rule of equity."  Lopez v. Swyer, 62 N.J. 267, 273 (1973).  The rule is used "as a means of mitigating the often harsh and unjust results which flow from a rigid and automatic adherence to a strict rule of law." Id. at 273-74.  It "provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that [she] may have a basis for an actionable claim."  Id. at 272.

Our Supreme Court has held that statutes of limitations are designed to "stimulate litigants to pursue their actions diligently."  Caravaggio v. D'Agostini, 166 N.J. 237, 254 (2001).  The Court "built that design for diligent pursuit of actions into our discovery doctrine, so that the underlying question 'is whether the facts presented would alert a reasonable person exercising ordinary

diligence that he or she was injured due to the fault of another.'" Id. at 255 (LaVecchia, J., dissenting) (quoting Martinez v. Cooper Hosp.-Univ. Med. Ctr., 163 N.J. 45, 52 (2000)). Thus, "the doctrine 'postpon[es] the accrual of a cause of action' so long as a party reasonably is unaware either that [she] has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity." Id. at 245 (quoting Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 426-27 (1987)).

Noting "the statute begins to run as plaintiff knows or has reason to know that she has been injured, and that someone has been at fault," the court found,

> Plaintiff knew she was injured as soon as she fell. It's undisputed. And she knew she was injured due to a loose metal tree grate. It's referenced in the AJD incident report, and also, subsequently, at her deposition. Plaintiff knew from the onset that she was injured, and that it was due to the fault . . . of whoever was reasonably responsible for the area where she fell. Thus, the [c]ourt finds the discovery rule to be inapplicable in this case.

Because plaintiff was not entitled to tolling of the statute of limitations or any other proffered equitable doctrine, the court entered an order dismissing the complaint against Twin Resources.

Marbella's Summary Judgment Motion

11

On July 8, 2022, Marbella filed a motion for summary judgment. Rule 4:46-2(c) provides in relevant part:

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

"By its plain language, Rule 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995). To determine "whether there exists a 'genuine issue' of material fact that precludes summary judgment requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. at 540.

After a court reviews the facts, "[i]f there exists a single, unavoidable resolution of the alleged disputed issue of fact, that issue should be considered insufficient to constitute a 'genuine' issue of material fact for purposes of Rule 4:46-2." Ibid. (quoting Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 250 (1986)). Most importantly, "when the evidence 'is so one-sided that one party must prevail as a matter of law,' the trial court should not hesitate to grant summary judgment." Ibid. (internal citation omitted) (quoting Anderson, 477 U.S. at 252).

A plaintiff must demonstrate four elements to prove a tort claim sounding in negligence: "(1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (internal quotations omitted). Although there was no indication in the record plaintiff was intending to tour the building at the time of the accident, the court determined Marbella had a duty of care "consistent with that of a commercial landowner" based on its review of relevant case law governing commercial properties.

"When an invitee is injured by a dangerous condition on the business owner's premises, the owner is liable for such injuries if the owner had actual or constructive knowledge of the dangerous condition that caused the accident."

A-0919-22

Jeter v. Sam's Club, 250 N.J. 240, 251 (2022). A business owner "has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'" Ibid. (quoting Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016)).

"Constructive notice can be inferred from eyewitness testimony or from '[t]he characteristics of the dangerous condition,' which may indicate how long the condition lasted." Ibid. (internal quotations omitted). However, "[t]he mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013) (second alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (1990)). In general, a business owner "is not liable for injuries caused by defects of which he had no actual or implied knowledge or notice, and no reasonable opportunity to discover." Brown v. Racquet Club of Bricktown, 95 N.J 280, 291 (1984). "Whether a reasonable opportunity to discover a defect existed will depend on both the character and the duration of the defect." Ibid.

Although plaintiff's complaint alleged that her fall was caused by uneven pavement on the sidewalk, she testified at her deposition that the cause was a

loose tree grate. She stated she stepped up from the street onto the loose grate, which caused her foot to sink, and she lost her balance and fell backwards.

Noting that "[c]ourts have granted summary judgment where there was no actual notice to the defendant or any facts which could lead to the conclusion that there was constructive notice," the court found:

> . . . [H]ere, there is no evidence in the motion record as to any actual or constructive notice to Marbella of the condition that plaintiff claims was the cause of the fall. It is undisputed that Marbella did not have actual notice of the defect upon which plaintiff allegedly fell. The court also finds that there is an absence of facts in the motion record upon which the court can conclude that Marbella had constructive notice of the condition upon which plaintiff fell.

Because "[t]he undisputed facts establish[ed] that AJD still retained control over the area" where the grate was located, "[t]here [was] no evidence that Marbella knew or should have known about the loose tree grate within a reasonable period of time to take efforts to correct it." Plaintiff's expert report contained no "opinion as to how long the condition existed prior to plaintiff's injury or any facts upon which the court [could] conclude that Marbella should have discovered the defect within enough time to cure it prior to plaintiff's fall so as to impose constructive notice on Marbella." The trial court viewed the photographs of the grate and found there was "no readily observable defect in

15

the tree grate," and "no other facts in the motion record upon which the court [could] conclude that Marbella should have known of the condition."

Because the record was devoid of any facts establishing actual or constructive notice of the condition of the grate, the court granted Marbella's motion for summary judgment and dismissed the complaint.

On appeal, plaintiff reprises the arguments she raised before the trial court:  she was diligent in prosecuting and investigating her claims and was therefore entitled to tolling of the statute of limitations under the fictitious pleading, equitable tolling and relation back doctrines, and the discovery rule; and Marbella had constructive notice of the condition of the grate.

We consider plaintiff's arguments under a de novo standard of review. "[W]henever a plaintiff claims a right to relief from the bar of the statute of limitations by virtue of the so-called 'discovery' rule, the question as to whether such relief is properly available shall be deemed an issue for determination by the court rather than by the jury." Lopez, 62 N.J. at 272.  Thus, "[w]hether a cause of action is barred by a statute of limitations is a question of law" and, therefore is reviewed de novo. Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (2016).  We also "review[] a grant of summary judgment de novo, applying the same standard as the trial court." Ibid.

16

Having considered plaintiff's arguments in light of the record and these well-established principles, we affirm the court's decisions substantially for the reasons detailed at length in its thorough and comprehensive opinions.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0919-22