**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1203-23

EMILY J. RENNIE, Executor
of the Estate of DOUGLAS
H. RENNIE and EMILY J.
RENNIE, individually,

     Plaintiffs-Appellants,

v.

THE VALLEY HOSPITAL and
DAVID MARTKOVSKY,

     Defendants-Respondents.

_____

> Submitted February 24, 2025 – Decided April 17, 2025
>
> Before Judges Sabatino and Jablonski.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1830-22.
>
> Breslin & Breslin, PA, attorneys for appellants (E. Carter Corriston, Jr., on the briefs).
>
> Farkas & Donohue, LLC, attorneys for respondents (Evelyn C. Farkas, of counsel; Eileen M. Kavanagh, on the brief).

PER CURIAM

Plaintiff sued the defendant hospital for injuries that her late husband suffered while he was a patient there. A Law Division judge ultimately dismissed plaintiff's entire complaint on summary judgment because plaintiff failed to proffer expert testimony about the causes of action that were alleged. The same judge also dismissed, in a separate prior summary judgment application, David Martkovsky, the technician responsible for supervising plaintiff on statute of limitations grounds after plaintiff was permitted to amend its complaint naming him. We disagree with the trial judge that the complaint should be dismissed in its entirety but do agree the technician was properly dismissed from the litigation.

Martkovsky was tasked with supervising then eighty-eight-year-old plaintiff after plaintiff's diagnostic scan. While the pair walked out of the imaging center, a phone rang and Martkovsky left plaintiff to answer it. While waiting for him to return, plaintiff attempted to sit on a wheeled chair. The chair moved, and plaintiff fell and suffered a broken left hip.

Two years after the accident, plaintiff's estate[1] sued the hospital and sought damages for its alleged general negligence and premises liability,

[1] Plaintiff died from unrelated causes approximately a year after the accident.

A-1203-23

medical malpractice, and for the plaintiff's spouse's loss of consortium.  The

initial complaint's caption listed the hospital and "John Doe Technician and/or

orderly 1 through X (X being a number as yet undetermined, said names being

fictitious and presently unknown), was a laboratory technician(s)."

In discovery, the hospital disclosed that Martkovsky was the radiology

technician responsible for Rennie on the day of injury.  Three years after the

accident occurred, and three months after this information was received, the

estate amended its complaint to name Martkovsky personally.  After the

complaint was amended, the hospital immediately moved for summary judgment

and argued the technician should be dismissed from the litigation because the

two-year statute of limitations expired to join this new party.  The Law Division

judge granted the request because he found the estate was aware of Martkovsky's

identity as of the date of the accident and that it waited too long to join

Martkovsky to the litigation.  The trial judge had also entered a previous

scheduling order that included a date certain for expert reports to be submitted.

The estate did not serve any expert reports by that deadline and the

hospital moved to dismiss the remainder of the complaint, arguing that the estate

could not establish a prima facie case against defendant.  The estate did not

oppose the application.[2]  In a brief and conclusory order, the trial judge granted the motion and dismissed the entire complaint with prejudice.

Plaintiff moved for reconsideration.  In support, plaintiff argued that the court improperly dismissed the complaint for a discovery violation rather than on the merits of the case.  Since the complaint was dismissed, plaintiff was also unable to request permission to reopen discovery to obtain and to submit expert reports to substantiate the claims.  The trial judge denied the motion.

A.

Although we generally defer to a trial court's decision when it denies reconsideration, we should reverse it when, as here, a decision is made without an adequate explanation.  See Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002).  Here, we find the trial judge misapplied his discretion when he dismissed the entirety of the complaint that included counts that might not have required expert testimony for the plaintiff to prove its case.

Initially, we note that we do not have the benefit of the trial court's factual findings nor the judge's legal conclusions to ascertain why the entirety of the complaint including the general negligence, premises liability, and loss of

_____

[2]  In a subsequent proceeding, the estate explained that the lack of response to defendant's motion resulted from mistaken scheduling.

4

consortium claims were dismissed along with the medical malpractice allegations. R. 1:7-4.[3]

Second, we agree with plaintiff that expert testimony might not be required to establish its general negligence, premises liability, and loss of consortium claims. Similarly, we have not been provided with any substantive reason, other than the expiration of a court-established deadline for the submission of expert reports, as to why the trial court dismissed the entirety of plaintiff's complaint with prejudice.

Both reasons compel us to reverse the decision granting summary judgment as to these counts and to restore the matter to the active trial calendar.

B.

We agree with the trial court's decision to dismiss Martkovsky from the litigation because his joinder is prohibited by the pertinent statute of limitations and because the trial court found that plaintiff was aware of Martkovsky's factual involvement in the matter from the inception of it.

Actions to recover damages for personal injury in New Jersey must be brought within two years after the cause of action accrues. N.J.S.A. 2A:14-2(a).

---

[3] Rule 1:7-4 requires trial courts, when ruling on motions, to issue decisions that include both the facts at issue and legal conclusions in light of them.

If a defendant is unknown to a plaintiff when the plaintiff files a complaint, plaintiff may use the fictitious pleading rule. R. 4:26-4. Under it, if a defendant's name is unknown at the time of filing, plaintiff may use a placeholder name for defendant if plaintiff states the name is "fictitious" and "add[s] an appropriate description sufficient for identification." Ibid. Once the fictitious party's name is ascertained, plaintiff must move to amend the complaint to name defendant. To permit the amendment and joinder of the specific defendant, plaintiff must "proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify the defendant." Claypotch v. Heller, Inc., 360 N.J. Super. 472, 480 (App. Div. 2003). A "crucial factor" to determine whether a plaintiff has acted diligently is whether the defendant to be named to the litigation has been prejudiced. Ibid. The fictitious pleading rule will not shield a plaintiff who had adequate time to discover and obtain the identity of a defendant. See Matynska v. Fried, 175 N.J. 51, 53 (2002); see also Baez v. Paulo, 453 N.J. Super. 422, 439 (App. Div.), appeal denied, 235 N.J. 107 (2018).

Here, the trial court correctly decided that plaintiff had not acted with the appropriate diligence when she attempted to amend the complaint because she had been aware of the identity of the radiology technician when she brought suit.

A-1203-23

The court found that this awareness was substantiated by the plaintiff's interrogatory answers, her deposition testimony, and her counsel's correspondence.

In summary, we vacate the summary judgment order of October 6, 2023, and remand for further proceedings consistent with this opinion. We take no position on the outcome following our remand.

Affirmed in part and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-1203-23