**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4124-23

LISA JOHNSON,

     Plaintiff-Appellant,

v.

STEVEN LAZO, 190 UNION
REDEVELOPMENT URBAN
RENEWAL LLC, and PUBLIC
SERVICE ELECTRIC & GAS,
doing business as PSE&G,[1]

     Defendants-Respondents,

and

190 UNION REDEVELOPMENT
URBAN RENEWAL LLC,

     Defendant/Third-Party
     Plaintiff-Respondent,

v.

MARCH ASSOCIATES
CONSTRUCTION, INC.,

---

[1]  Public Service Electric & Gas Company was pleaded as "Public Service Electric & Gas."

Third-Party Defendant-
Respondent.

_____

Submitted November 13, 2025 – Decided February 17, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-2823-21.

Rinaldo and Rinaldo Associates, LLC, attorneys for appellant (Matthew T. Rinaldo, of counsel and on the briefs).

Marshall Dennehey, PC, attorneys for respondent 190 Union Redevelopment Urban Renewal LLC (Walter F. Kawalec, III, on the brief).

PSE&G Services Corporation, attorneys for respondent PSE&G (Alexandra F. Grant, on the brief).

Leary Bride Mergner Bongiovanni, PA, attorneys for respondent March Associates Construction, Inc. (Michael C. Urciuoli, on the brief).

PER CURIAM

Plaintiff Lisa Johnson appeals from three July 19, 2024 orders granting summary judgment in favor of defendant and third-party plaintiff 190 Union Redevelopment Urban Renewal LLC (190 Union), defendant Public Service Electric & Gas Company (PSE&G), and third-party defendant March Associates Construction, Inc. (March Associates).  We affirm.

I.

In January 2019, a sidewalk closure detour plan was prepared on behalf of 190 Union and submitted to the City of Elizabeth (Elizabeth). In March 2019, the Elizabeth City Council approved an ordinance granting 190 Union an encroachment permit to "install a temporary construction fence and ADA-compliant[2] crosswalk and ramp within the [public] right-of-way of West Jersey Street, Union Street, Price Street[,]and West Grand Street as depicted on a plan entitled 'Sidewalk Closure Detail Plan'" while 190 Union developed a mixed-use building at 100-134 Price Street in Elizabeth.

On December 12, 2019, at 8:15 p.m., Johnson, while wearing dark clothing, crossed Union Street. She sustained injuries after Elizabeth Police Department (EPD) Officer Steven Lazo struck her with his personal vehicle while driving to work. The EPD investigation report dated December 12, 2019 described the incident as an "auto-pedestrian" incident and noted: the sidewalk from West Jersey Street to West Grand Street was closed; several large signs were hanging along a fence, stating "Sidewalk Closed – Use Other Side"; the sidewalk from Union Street to Price Street was "closed off at the time"; and eight streetlights were out along Union Street. The report also noted an

_____

2 Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213.

A-4124-23

Elizabeth observation memo regarding the streetlight outage was submitted with the investigation report; however, the memo was not included within the appendix on appeal.

On August 13, 2021, Johnson filed a complaint against Lazo, Elizabeth, and the EPD. Lazo filed an answer to the complaint. Elizabeth and EPD (collectively, the Elizabeth defendants) filed their answer and crossclaims for contribution or indemnification under the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 to -29.

The Elizabeth defendants moved for summary judgment. In support of their motion, the city land surveyor and supervising engineer certified Elizabeth was neither responsible for sidewalk fences on Union Street, nor did it construct, maintain, or remove those fences. He stated 190 Union closed the sidewalks and installed sidewalk fences after the encroachment permit was granted. Elizabeth's director of public works also certified "[m]ultiple streetlights were not functioning in the vicinity of Union Street at the time of the accident." He further stated the streetlights within Elizabeth were maintained and controlled by PSE&G.

Lazo opposed the motion and asserted in his counterstatement of material facts there were genuine issues of material fact because eight streetlights were

4

out along Union Street, and there were "several large signs" on Union Street regarding the sidewalk closure directing pedestrians to use the other side. On June 12, 2023, the motion judge entered an order granting summary judgment in favor of the Elizabeth defendants, accompanied by a written statement of reasons.[3]

More than three years later, Johnson moved to amend her complaint to add 190 Union and PSE&G as defendants, which the motion judge granted on July 26, 2023. In the amended complaint, Johnson alleged the sidewalk closures from Union Street to Price Street and West Jersey Street to West Grand Street were performed "in a careless and negligent manner" by 190 Union employees, which caused her to walk in the street instead of on the sidewalk or crosswalk. Johnson further alleged PSE&G's failure to maintain the streetlights "created a dangerous, hazardous, and unsafe condition at the intersection in which [] [she] was lawfully traversing when she was struck by the automobile operated by L[azo]."

Lazo answered the amended complaint. PSE&G also answered the amended complaint, asserted a statute of limitations defense, and a crossclaim against Lazo and 190 Union for contribution and indemnification. 190 Union

---

[3] Johnson does not appeal this order.

also answered the amended complaint and asserted a statute of limitations defense under N.J.S.A. 2A:14-2. Shortly thereafter, 190 Union moved to amend its answer, crossclaim for contribution and indemnification, and to file a third-party complaint against the general contractor, March Associates. 190 Union's motion was granted. March Associates filed an answer to the third-party complaint.

190 Union moved for summary judgment, and both PSE&G and March Associates cross-moved for summary judgment, with all parties contending Johnson's claims asserted in the amended complaint were filed after the expiration of the two-year statute of limitations. Following oral argument on July 19, 2024, the motion judge granted all three dispositive motions.

In both his oral decision and written amplification, the judge found the essential facts were not in dispute because the personal injury complaint was a "focused complaint on a car accident." The judge also found Johnson's claims were subject to the two-year statute of limitations under N.J.S.A. 2A:14-2. He explained the June 21, 2023 amended complaint was filed more than three years after the accident, and "utterly fail[ed] to set forth the most minimal descriptions or allegations that would purport to set forth that a theory of recovery was being

6

asserted against 'whomever' was responsible for streetlights that were not operating."

The judge further found 190 Union, PSE&G, and March Associates were all "unquestionably easily identifiable well-before the expiration of the [s]tatute of [l]imitations[,]" thus precluding application of the fictitious pleading rule. Lastly, there was "no language . . . recited in the [c]omplaint that described any general nexus to . . . 190 [Union]." Citing the fictitious pleading rule, Rule 4:26-4, the judge determined Johnson lacked due diligence in discovering the existence of 190 Union and PSE&G.

II.

"[We] review the trial court's grant or denial of a motion for summary judgment de novo, applying the standard used by the trial court." Sackman Enters., Inc. v. Mayor of Belmar, 478 N.J. Super. 68, 75 (App. Div. 2024) (citing Samolyk v. Berthe, 251 N.J. 73, 78 (2022)); see also R. 4:46-2(c). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). We

view the facts discerned from the summary judgment record in the light most favorable to plaintiff as the non-moving party. See Cristello v. St. Theresa Sch., 255 N.J. 200, 218 (2023).

The dismissal of a complaint as barred by the statute of limitations is reviewed de novo. Barron v. Gersten, 472 N.J. Super. 572, 576 (App. Div. 2022) (citing Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017)). We also do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Johnson raises a single argument on appeal, contending the trial court erred in granting summary judgment on statute of limitations grounds. This argument is unavailing.

Under N.J.S.A. 2A:14-2(a), actions to recover damages for personal injury must be brought within two years after the cause of action accrues. When the identity of a defendant is unknown to a plaintiff at the time the complaint is filed, a plaintiff may use the fictitious pleading rule. R. 4:26-4. Under this Rule, if a defendant's name is unknown at the time of filing, a plaintiff may use a placeholder name for the defendant if the plaintiff states the name is "fictitious and add[s] an appropriate description sufficient for identification." Ibid.

A-4124-23

However, a plaintiff and their counsel are required "to act with due diligence in attempting to identify and sue responsible parties within the statute of limitations period." Baez v. Paulo, 453 N.J. Super. 422, 438 (App. Div. 2018). "Rule 4:26-4 may only be used by a plaintiff 'if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint.'" Id. (quoting Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479-80 (App. Div. 2003)).

Thus, in considering this Rule, we apply a two-prong test to determine if a plaintiff may rely on a fictitious pleading: (1) "a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the original complaint naming John Doe parties[,]" and (2) "a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity." Baez, 453 N.J. Super. at 439. Nevertheless, the fictitious pleading rule will not shield a plaintiff who had adequate time to discover and obtain the identity of a defendant. See Matynska v. Fried, 175 N.J. 51, 53 (2002); see also Baez, 453 N.J. Super. at 439.

Guided by these principles, we conclude Johnson has not satisfied the two-prong test for reliance on a fictitious pleading. The streetlight outages were listed in the police report, and with diligent effort, Johnson could have

discovered PSE&G owned, operated, and maintained them. Moreover, the identity of 190 Union as the developer of the project could have been discovered through an Open Public Records Act request, which would have produced multiple permits and a municipal ordinance. See N.J.S.A. 47:1A-1 to -13. Simply put, Johnson "had an obligation to investigate all potentially responsible parties in a timely manner but did not do so." Matynska, 175 N.J. at 53.

As to the second prong, we are unpersuaded by Johnson's contention she did not learn the identity of 190 Union and PSE&G until after the close of discovery, when motions were pending. Although Johnson argues she first learned of these defendants' identities on May 22, 2023—two years after the complaint was filed and four years after the incident—her designation of fictitious parties lacked the specificity required to identify either 190 Union or PSE&G as defendants. The initial complaint contains sparse allegations and fails to provide sufficient detail regarding either 190 Union or PSE&G's possible connection to the property or streetlighting. In both the initial and amended complaints, the John Doe defendants were described only as "responsible for the ownership, operation, control, maintenance and/or leasing of the property, including the motor vehicle, involved in [Johnson]'s accident referred to herein or who in any way caused or contributed to [Johnson]'s injuries." This vague

10

description did not reasonably apprise 190 Union or PSE&G of their potential status as parties, nor does it fulfill the requirements of the fictitious pleading rule. Based on our review of the motion record, we conclude Johnson failed to demonstrate both her genuine ignorance of defendants' identities at the time of filing her complaint and her prompt action in discovering their true identities.

To the extent we have not specifically addressed any of Johnson's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Harley_

Clerk of the Appellate Division