**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3493-22

JORGE J. JIMENEZ-PEGUERO,

    Plaintiff-Appellant,

v.

ROYAL PACKAGING, LLC, ROYAL
GROUP, ROYAL DISTRIBUTION,
LLC, EWMT CONSULTING, LLC,
and MAGNUM SYSTEMS, INC.,

    Defendants-Respondents,

and

ROYAL PACKAGING, LLC, ROYAL
GROUP, and ROYAL DISTRIBUTION,
LLC,

    Third-Party Plaintiffs,

v.

EWMT CONSULTING and MAGNUM
SYSTEMS, INC.,

    Third-Party Defendants,

and

EWMT CONSULTING,

        Fourth-Party Plaintiff,

v.

MAGNUM SYSTEMS, INC.,[1]

        Fourth-Party Defendant.

_____

Submitted January 22, 2025 – Decided June 4, 2025

Before Judges Sumners and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8045-19.

Ginarte Gallardo Gonzalez Winograd, LLP, attorney for appellant (Richard M. Winograd, on the briefs).

Law Office of James H. Rohlfing, attorney for respondent Magnum Systems, Inc. (D. Scott S. Conchar and Renee C. Rivas, on the brief).

Law Offices of Linda S. Baumann, attorney for respondent EWMT Consulting, LLC (Evert Van Kampen, on the brief).

PER CURIAM

---

[1] Improperly pled as Taylor Products.

A-3493-22

Plaintiff Jorge J. Jimenez-Peguero appeals the Law Division order granting summary judgment dismissal of his complaint against defendants EWMT Consulting, LLC. and Magnum Systems, Inc. We affirm.

I

On November 27, 2017, plaintiff was working for Royal Packaging, LLC at its Totowa warehouse when he was severely and permanently injured by a large industrial machine, the FANUC-Robot M-410iC/185 (machine). Plaintiff alleges the machine malfunctioned and "forcefully struck him in the back[] and then dropped a 100 lb bag of flower onto [him]."

On May 14, 2018, following an investigation, the Occupational Safety and Health Administration (OSHA) issued a citation and notification of penalty to the employer for violating the OSHA Act of 1970. OSHA's investigation report also identified other parties responsible for the accident: EWMT Consulting, LLC, who installed the machine, conducted training on the machine, and prepared maintenance reports for the machine; and Magnum Systems, who manufactured the machine.

A-3493-22

On October 24, 2019, plaintiff received the OSHA report in response to his Freedom of Information Act request.[2] Six days later, on October 30, and about a month before expiration of the two-year statute of limitations under N.J.S.A. 2A:14-2(a) to file suit for his injuries, plaintiff sued Royal Packaging LLC, Royal Group, and Royal Distribution LLC (collectively Royal Packaging), and several fictitious parties. Plaintiff asserted a Laidlow claim[3] against Royal Packaging and two counts of negligence claims against Royal Packaging and the fictitious parties.

In its answer filed on January 23, 2020, Royal Packaging included third-party claims against EWMT for contractual indemnification and contribution. Nearly a month later, on February 24, EWMT answered Royal Packaging's third-party claims and asserted a fourth-party complaint against Magnum (improperly pled as Taylor Products), who sold the machine to Royal Packaging. During the ensuing discovery, on May 8, EWMT—as a third-party defendant—provided interrogatory answers stating that Royal Packaging advised EWMT, in a recorded meeting on January 3, 2018, about a month after the accident, to discuss that a lawsuit was likely because plaintiff was injured.

_____

[2] See 5 U.S.C. § 552.

[3] See generally Laidlow v. Hariton Mach. Co., 170 N.J. 602 (2002).

On February 17, 2021, plaintiff moved to file a first amended complaint naming Magnum and EWMT as the fictitious parties in his initial complaint filed about fourteen months earlier. The unopposed motion to amend the complaint was granted. In their answers, Magnum and EWMT both asserted defenses that plaintiff's claims against them were untimely.

After discovery continued for another year, Magnum and EWMT separately moved for summary judgment, contending plaintiff's claims against them in his first amended complaint were filed after the two-year statute of limitations expired. The motion judge granted the motions, explaining his reasons in an oral decision. Noting there were no factual disputes and that plaintiff did not include claims under the Products Liability Act (PLA), N.J.S.A. 2A:58C-1 to -11, against either Magnum or EWMT, the judge determined that based on the fictitious pleading rule, Rule 4:26-4, and Baez v. Paulo, 453 N.J. Super. 422 (App. Div. 2018), plaintiff's claims against Magnum and EWMT were time-barred. The judge found it was undisputed that the OSHA report identified Magnum and EWMT as potential defendants, yet plaintiff failed to name them in his initial complaint, entitling them to dismissal of the first amended complaint.

5

Eventually, plaintiff settled his claims against Royal Packaging. Plaintiff was permitted to appeal the dismissal of his complaint against Magnum and EWMT after we concluded the contribution and indemnification claims among defendants did not preclude him from appealing the dismissal as a final judgment.

Before us, plaintiff contends he should be allowed to proceed with negligence claims against EWMT and Magnum. Plaintiff asserts he was unaware of their respective involvement with the machine when he filed his initial complaint and, despite expiration of the statute of limitations, naming them in the first amended complaint was proper under Rule 4:26-4 given his due diligence to identify their liability for his injuries in accord with Baez. Plaintiff argues the judge erred in finding he had ample notice through the OSHA reports received five weeks before the statute of limitations ran to timely name Magnum and EWMT as defendants in his initial complaint. He maintains receipt of the OSHA report "in no way tied E[WM]T or Magnum to any acts that would have given rise to the plaintiff's injuries herein." He assets he first became aware of EWMT and Magnum's potential liability for the accident through EWMT's third-party defendant interrogatory answers. Plaintiff avers neither Magnum nor EWMT were unduly prejudiced by his failure to join them earlier, a "crucial

6

factor" under <u>Claypotch v. Heller</u>, 360 N.J. Super 472, 480 (App. Div. 2003), in considering whether he should be allowed to amend his negligence claims after the statute of limitations expired. As to just Magnum, plaintiff asserts it negligently installed and maintained the machine. Thus, the judge erred in finding his first amended complaint against Magnum added "a new cause of action" of products liability after the statute of limitations tolled.

Lastly, plaintiff raises a new argument in his reply brief that the discovery rule precludes summary judgment dismissal. The discovery rule remedies the "often harsh and unjust results which flow from a rigid and automatic adherence to a strict rule of law." <u>Lopez v. Swyer</u>, 62 N.J. 267, 273-74 (1973). Plaintiff asserts that no legitimate cause of action existed against EWMT and Magnum at the time of the original filing. It was not until the receipt of discovery in February 2021 that he discovered there were viable claims against EWMT and Magnum.

Our review of a trial court's summary judgment decision is de novo. <u>DeSimone v. Springpoint Senior Living, Inc.</u>, 256 N.J. 172, 180 (2024); <u>see also</u> <u>R.</u> 4:46-2(c). When reviewing an order granting summary judgment, we apply "the same standard governing the trial [judge]." <u>Oyola v. Xing Lan Liu</u>, 431 N.J. Super. 493, 497 (App. Div. 2013). A judge should grant summary judgment

when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We also review de novo the dismissal of a complaint as barred by the statute of limitations. Barron v. Gersten, 472 N.J. Super. 572, 576 (App. Div. 2022) (citing Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017)).

Actions to recover damages for personal injury must be brought within two years after the date of injury. N.J.S.A. 2A:14-2(a). If a defendant is unknown to a plaintiff when the plaintiff files a complaint, the plaintiff may use the fictitious pleading rule. R. 4:26-4. Under the rule, if a defendant's identity is unknown at the time of filing, the plaintiff may use a placeholder name for the defendant by asserting the name is "fictitious" and "adding an appropriate description sufficient for identification." Ibid. Once the fictitious party's name is ascertained, the plaintiff must move to amend the complaint to name the defendant.

The fictitious pleading rule, however, will not shield a plaintiff who had adequate time to discover and obtain the identity of a defendant. Baez, 453 N.J. Super. at 439. In Baez, we set forth a two-pronged test to discern whether a plaintiff may rely on fictitious pleading: (1) "a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the

original complaint naming John Doe parties;" and (2) "a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity." Ibid.; see also Claypotch, 360 N.J. Super. at 480 (permitting amendment and joinder of a specific defendant, only if the plaintiff "proceed[s] with due diligence in ascertaining the fictitiously identified defendant's true name and amend[s] the complaint to correctly identify the defendant"). Applying this test, we concluded the plaintiff did not exercise due diligence in naming the two defendant doctors in a medical malpractice action before the expiration of the two-year statute of limitations despite possessing records revealing their identities and their involvement with the decedent's medical treatment. See Baez, 453 N.J. Super. at 441-42.

Guided by these principles, we are unpersuaded by any of plaintiff's arguments. Initially, we point out that the discovery argument plaintiff raised in his reply brief should not be considered because it was not present in the initial appellate brief. Pannucci v. Edgewood Park Senior Hous. — Phase 1, LLC, 465 N.J. Super. 403, 409-10 (App. Div. 2020). Yet, even considering it, we conclude it has no merit.

Plaintiff was aware of Magnum and EWMT's involvement with the machine through the OSHA report he received approximately five weeks before

the statute of limitations expired. Plaintiff's contention that the report was insufficient to indicate a viable claim against Magnum and EWMT is unavailing. The report delineated the names of both entities, their connection to the machine, and disclosed EWMT's address and Magnum's telephone number. Therefore, the fictitious pleading rule does not embrace plaintiff's claims against Magnum and EWMT.

Additionally, plaintiff also has not satisfied the Baez two-prong test. Under the first prong, plaintiff failed to show he "exercise[d] due diligence in endeavoring to identify [Magnum and EWMT] . . . before filing the original complaint naming [fictitious] parties." Baez, 453 N.J. Super. at 439. As noted, plaintiff was aware of EWMT and Magnum's involvement with the machine that caused his injuries. The report informed plaintiff that a potential claim existed against EWMT and Magnum. We find instructive Matynska v. Fried, where our Supreme Court ruled that because the plaintiff had a chart containing the doctor's name and his participation in plaintiff's care, "[plaintiff] had an obligation to investigate all potentially responsible parties in a timely manner but did not do so." 175 N.J. 51, 53 (2002). As in Matynska, plaintiff had timely notice of EWMT and Magnum's identity and involvement with the machine but neglected to take additional steps to investigate viable claims against them. See ibid.

Plaintiff also failed the second prong as he did not act with due diligence in substituting EWMT and Magnum after becoming aware of their involvement. Baez, 453 N.J. Super. at 439. Plaintiff contends he became aware of viable claims against EWMT and Magnum through EWMT's third-party defendant's interrogatory answers. Plaintiff received the discovery response on May 8, 2020, but did not move to amend his complaint until February 17, 2021—over nine months later. Additionally, plaintiff claims he delayed amending the complaint due to defendants' improper withholding of a probative recording of defendants' meeting. Plaintiff emphasizes the recording allegedly showed that "defendants, all working in concert, conspired to shift the blame for the accident onto [p]laintiff." Even if this was true, it does not establish negligence claims against EWMT and Magnum for "carelessly, recklessly, and negligently maintaining, repairing, managing, modifying, controlling, operating, constructing and/or supervising the aforesaid premises." Moreover, we reiterate that plaintiff has not shown he exercised due diligence to identify EWMT and Magnum as defendants prior to the expiration of the statute of limitations, especially when he received the OHSA report detailing EWMT and Magnum's involvement with the machine. Under these circumstances, the absence of

11

prejudice to EWMT and Magnum is not a basis to circumvent the frivolous pleading rule nor the <u>Baez</u> two-factor test.

To the extent we have not specifically addressed any of plaintiff's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division